19348

Ray C. BASS, Respondent, v. HONEY FRIED CHICKEN CORPORATION, Appellant

(186 S. E. (2d) 243)

*Messrs. Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Appellant,* cite:

*W. Ray Berry, Esq., of Fulmer, Berry & Alford,* Columbia, *for Respondent,* cites:

January 11, 1972.

BRAILSFORD, Justice:

This action for damages for breach of an alleged stock subscription contract, whereby the defendant, a North Carolina corporation, was obligated to sell eighty shares of its capital stock to plaintiff for the sum of $8,000.00, was submitted to the court on the pleadings, stipulations of the parties, correspondence between them and certain exhibits. The court found that there was a valid contract between the parties for the sale of the stock, that plaintiff had tendered the purchase price in compliance with the terms of the agreement, but that the defendant had refused to transfer the stock as it was obligated to do. Plaintiff's damages were assessed at $9,000.00, and judgment, after an adjustment for interest, was awarded accordingly.

On its appeal from the judgment of the circuit court, the defendant first urges that plaintiff's failure to prove a written subscription agreement was fatal to his case under the statutory law of North Carolina, which like that of South Carolina, provides that no such agreement is valid unless in writing and signed by the subscriber. Any failure by plaintiff to prove compliance with legal requirements in this respect is not available to defendant on this appeal, because the lack of a written subscription was not pled as a defense, nor was it otherwise presented to or passed upon by the circuit court. 3 West's South Carolina Digest, Appeal and Error, Key No. 169 (1952).

Defendant next urges that the evidence merely established a personal contract by its president to sell some of his own stock to plaintiff, and that the court erred in holding that the contract bound the corporation. While this is one view of which the evidence is susceptible, it is not the only reasonable inference therefrom. The contrary conclusion of the circuit judge has ample support in the evidence, particularly in a letter written to plaintiff by the president of the corporation, and signed by him as presi-

dent, reciting the terms of the agreement. Since in this law case it is not within our province to weigh the evidence, to review it would serve no useful purpose.

The only remaining exceptions challenge the sufficiency of plaintiff's tender of the purchase price. These have been abandoned by failure to argue them in the brief.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.