20915

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant, v. William BROWN, Respondent.

(253 S. E. (2d) 100)

*Atty. Gen., Daniel R. McLeod, Deputy Atty. Gen., Raymond G. Halford, Asst. Attys. Gen., W. Joseph Isaacs* and *Clifford O. Koon, Jr.,* and *Staff Atty., Evans Taylor Barnette,* Columbia, *for appellant.*

*Leonard B. Burgess* and *William Bennett McCollough,* Kingstree, *for respondent.*

March 2, 1979.

GREGORY, Justice:

This is a paternity action initiated by appellant South Carolina Department of Social Services [D. S. S.] against respondent William Brown. The family court found that D.S. S. failed to establish paternity. We hold the family court erred by considering irrelevant evidence and reverse.

D. S. S. brought this action in its capacity as assignee of any suport payments due the minor child who is alleged to be the offspring of respondent.

Emma Mae Cooper, the child's mother, testified at the hearing that respondent was the father of the child, Joseph. Ms. Cooper testified that she had sexual relations with no one other than respondent from December 1969 through March 1970, and that Joseph was born in November 1970.

Ms. Cooper testified on cross examination that she has given birth to four children, including Joseph. Three of the four are living, and each of the four has a different father. No testimony or other evidence was introduced, however, to connect Ms. Cooper's sexual history with the critical period of Joseph's conception.

Ms. Cooper's history of sexual activity served as a basis for the family court's finding that D. S. S. had failed to prove its case. D. S. S. argues on appeal that the consideration by the family court of Ms. Cooper's history of sexual activity was erroneous and amounts to reversible error. We agree.

It is generally recognized that evidence of the mother's sexual activity is irrelevant and immaterial in a paternity proceeding, except for impeachment purposes, unless the specific instances of sexual activity are within the critical period of conception. See: 10 C. J. S. *Bastards* § 85(b)(2); 10 Am. Jur. 2d *Bastards* § 116; 104 A. L. R. 84; 59 A. L. R. 3d 659. The general rule is well stated in an annotation on the subject at 104 A. L. R. 84:

The issue in bastardy prosecutions being the paternity of the child, the character of evidence admissible must bear a definite relationship to the probability of the accused being the father, and within this limitation the general rule has become established that evidence of sexual intercourse between the mother of an illegitimate child and others than the accused about the time of commencement of the period of gestation is admissible upon that issue, while offers of evidence, unlimited as to time, or referring to a time when in the course of nature conception could not have taken place, will be rejected as irrelevant and immaterial. 104 A. L. R. at 85.

The above stated rule was applied by this Court in *Kennington v. Catoe,* 68 S. C. 470, 47 S. E. 719 (1904).

Since the evidence of Ms. Cooper's sexual activity was not introduced for impeachment purposes and was not related in time to the conception of Joseph, the evidence was not relevant to any issue presented in this case. The family court erred by considering this evidence in its order.

Accordingly, the order of the family court is reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LEWIS, C. J., LITTLEJOHN and RHODES, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.