21132

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,
Appellant, v. Essie THOMAS, Respondent.

(262 S. E. (2d) 415)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Raymond G. Halford* and *Asst. Attys. Gen. Clifford O. Koon, Jr.* and *Ruby E. Brice,* Columbia, *for appellant.*

*W. D. Rhoad,* Bamberg, *for respondent.*

January 22, 1980.

RHODES, Justice.

This is a paternity action instituted in the family court by the Department of Social Services (appellant) against Essie Thomas (respondent). Appellant sought a declaration by the family court that respondent is the father of a minor child, Mark Anthony Lykes, born to Almedia Lykes on September 1, 1973. Appellant further sought an order requiring respondent to make child support payments, to reimburse appellant for all public assistance previously made on behalf of the child, and to acquire group health and accident insurance policies for the benefit of the child. The family court found that there existed a presumption that the child was legitimately born of the relationship of Almedia Lykes and Jessie Sapp, which appellant had failed to overcome, and therefore dismissed appellant's petition. We reverse.

Appellant takes exception to the family court's determination, contending that the presumption of legitimacy is not applicable in this instance. The law presumes that a husband has access to his wife and such a presumption may be overcome only by the clearest of evidence that it was impossible for the husband, by reason of impotency, imbecility, or entire absence from the wife's presence during the critical period of conception, to have access to the wife or to be father of the child. *Barr's Next of Kin v. Cherokee, Inc.,* 220 S. C. 447, 68 S. E. (2d) 440 (1951). Although the testimony indicated that Almedia Lykes and Jessie Sapp lived together from 1963 to 1967 and intermittently thereafter without the benefit of a legal marriage, the record further reflects that she was without capacity to contract either a common law or civil marriage during such time in view of the fact she had married one Willie Lykes, Jr. in 1951, which marriage had never been dissolved.[1] *See Kirby v. Kirby,* 270 S. C. 137, 241 S. E. (2d) 415 (1978); *Byers v. Mount Vernon Mills, Inc.,* 268 S. C. 68, 231 S. E. (2d) 699 (1977). Since no common law or civil marriage contract could have legally existed between Almedia Lykes and Jessie Sapp, the presumption of legitimacy applied by the family court did not exist as to the child in question, and the court was in error in so holding.

Appellant's next exceptions impute error in the admission of testimony concerning Almedia Lykes' sexual history from 1969 through 1978 including testimony concerning the diverse paternities of her several children. This court has recently held in *South Carolina Department of Social Services v. Brown,* S. C. 253 S. E. (2d) 100 (1979) that where it is not introduced for im-

---

[1] Willie Lykes, Jr. was absent during the critical period of conception and, in fact, has been separated from Almedia Lykes since 1956. The family court properly did not find the presumption of legitimacy applicable through his marriage to Almedia Lykes. Although he has not been seen or heard from for a long period of time, the record is insufficient to raise the presumption of death after a seven-year absence. *See Woodmen of the World Life Ins. Soc. v. Irick,* 58 F. Supp. 202 (D. C. S. C. 1944), *aff'd* 150 F (2d) 514 (4 Cir. 1945); South Carolina Code § 20-1-80 (1976).

peachment purposes, and is not related to the critical period of conception of the child in issue, evidence of a mother's history of sexual activity is not admissible as testimony. The evidence in question was neither introduced for impeachment purposes nor confined to the critical period of conception and was therefore irrelevant.

The family court's reliance upon an inapplicable presumption of legitimacy and inadmissible testimony concerning Almedia Lykes' sexual history constituted reversible error. The order of the family court is therefore reversed and the case remanded for further proceedings in conformity with this opinion.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., not participating.