0166

Mark Hampton LEWTER, a minor over the age of fourteen (14) years, by James R. EPPS, his Guardian ad Litem, Appellant, v. Robert M. THOMPSON, Sr., Respondent.

(315 S. E. (2d) 821)

Court of Appeals

*Durban & Brock,* Charleston, *for appellant.*

*Leonard B. Burgess,* Kingstree, *for respondent.*

Heard March 20, 1984.

Decided April 30, 1984.

SANDERS, Chief Judge.

Appellant Mark Hampton Lewter brought suit by his G. A. L. to have himself declared the illegitimate child of

respondent Robert H. Thompson, Sr. The family court judge ordered nonsuit with prejudice. We affirm.

In 1966 Mark was conceived and born to Anna H. Lewter during her marriage to Graham Lewter. Approximately two years later, Mr. and Mrs. Lewter were divorced. The Special Referee who initially heard this divorce found Mrs. Lewter guilty of committing adultey with Robert Thompson. He also found Mr. Lewter was not Mark's natural father. On appeal, the circuit court reversed the finding of the Special Referee, ruled Mr. Lewter was Mark's natural father and ordered him to pay child support.

Mrs. Lewter then married the brother of Robert Thompson, one James P. Thompson. Thereafter, while suit was pending for the divorce of this marriage, James P. Thompson died.[1]

At the trial of the case here before us, Mrs. Lewter testified she had lied in both previous divorce proceedings about Mr. Lewter's being Mark's natural father. She further testified as to having had sexual intercourse with Robert Thompson while married to Mr. Lewter, both before and after her separation from him. Mrs. Lewter, as well as two other witnesses, testified that Robert Thompson had admitted the paternity of Mark. The testimony of these two witnesses and another witness also tended to show an intimate relationship had existed between Mrs. Lewter and Robert Thompson during her marriage to Mr. Lewter. However, no witness, other than Mrs. Lewter, attempted to testify that Mr. Lewter did not have access to Mrs. Lewter during the period of Mark's conception. Mark testified he believed he had a right to support from Robert Thompson and was seeking it because his mother had undergone surgery and could not support him.

The family court judge refused to consider any testimony by Mrs. Lewter of non-access to her by Mr. Lewter during the time Mark was conceived and ordered nonsuit with prejudice based on a failure of proof. He further ruled it was against the public policy of this state to allow Mark "to voluntarily stigmatize himself by attempting to have this Court issue an Order declaring him to be a bastard," and concluded this

---

[1] As a result of this marriage, Anna Lewter's last name was changed to "Thompson." However, we continue to refer to her in this opinion as "Mrs. Lewter" to avoid confusing the reader.

action was barred by the doctrine of *res judicata* as a result of the previous paternity decision in the *Lewter* divorce case.

Three questions are presented on appeal (1) whether the family court judge was correct in ordering nonsuit based on a failure of proof, (2) whether this action is barred by the doctrine of *res judicata*, and (3) whether it violates public policy to allow this action.

We first address the question of whether nonsuit was proper. Obviously, if the family court judge was correct in ordering nonsuit based on a failure of proof, then it is unnecessary for us to reach the questions involving the doctrine of *res judicata* and public policy considerations.

The leading case in this state on proving the illegitimacy of a child born in wedlock is *Barr's Next of Kin v. Cherokee, Inc.*, 220 S. C. 447, 68 S. E. (2d) 440 (1951). This case contains a number of holdings directly applicable to the instant case.

The presumption that a child born in wedlock is legitimate, although rebuttable is one of the strongest known in the law. *Barr's.* When a child is born in lawful wedlock and after lapse of the usual period of gestation, the presumption of legitimacy must be overcome by the showing of a strong state of circumstances such as impossibility of access, absolute non-access, abandonment, or something equally conclusive. *Barr's.* No child born in lawful wedlock can be decreed illegitimate on a showing of circumstances which only create doubt and suspicion. *Barr's.*

The law also presumes a husband has access to his wife. This presumption can only be overcome by the clearest evidence that it was impossible for him to be the father of a child, born to his wife during their marriage, by reason of his impotency, imbecility or entire absence from her presence during the period of conception. *Barr's.*[2]

In a case where the legitimacy of a child born in wedlock is in issue, neither a husband nor a wife may testify as to non-access between themselves unless otherwise provided by statute. *Barr's.* Furthermore, testi-

---

[2] *See also South Carolina Department of Social Services v. Thomas,* 274 S. C. 228, 262 S. E. (2d) 415 (1980), reaffirming *Barr's* as to the presumption of legitimacy and evidence needed to overcome it, but finding the presumption did not apply under the facts of that case.

mony by either as to facts or collateral facts even tending to show non-access or from which non-access may be inferred should be scrupulously excluded. *Barr's*. Rather, evidence of non-access must come from other persons, and if illegitimacy is to be proved, proof must come from their testimony. *Barr's*.

The fact that a man recognizes a child to be his illegitimate child is not sufficient to overcome the presumption of legitimacy arising from birth during wedlock. *Barr's*. Neither is this presumption rebutted by mere proof of a wife's adultery or by the general reputation that a child is illegitimate. *Barr's*.

Here, there was no evidence of Mr. Lewter's impotency or imbecility, and the only evidence of non-access came from the testimony of Mrs. Lewter. The family court judge properly refused to consider this testimony and was therefore correct in ordering nonsuit, there being no competent evidence to overcome the presumption of legitimacy prescribed by *Barr's*.

Citing *South Carolina Department of Social Services o/b/o Forbes v. Johnson*, 275 S. C. 7, 266 S. E. (2d) 878 (1980), counsel for Mark argues the family court judge incorrectly applied the "preponderance of the evidence" standard in granting nonsuit instead of the "no evidence standard." It appears from the judge's order that he may have applied both standards in a single sentence:

> From the testimony and evidence presented by the petitioner, this Court finds that there is *no competent evidence* of non-access of the husband of the petitioner's natural mother at the time of conception and that under the rule of *Barr's Next of Kin v. Cherokee, Inc.*, [220 S. C. 447], 68 S. E. (2d) 440 and the cases cited thereunder that petitioner has failed to prove his case by the *preponderance of the evidence*. (Emphasis added.)

However, we hold this error does not require reversal here. As previously discussed, it is apparent there was no competent evidence necessary to overcome the presumption of legitimacy. Thompson was therefore entitled to prevail under either standard as a matter of law.

Finally, citing *Cantrell v. Carruth*, 250 S. C. 415, 158 S. E. (2d) 208 (1967), counsel for Mark argues a portion of Mrs. Lewter's testimony as to non-access was compe-

tent, despite the holding of *Barr's*, because it was received without objection.

We also reject this argument. The record is replete with admonitions by the judge that, under the holding of *Barr's*, he would not consider testimony of Mrs. Lewter as to non-access. At one point, as she attempted to so testify after such a ruling, the judge again ruled:

> Just a minute. Let the record show that the Court recognizes the fact that the witness is not experienced and is not versed in the ways of testifying and in the ways of the Court, but let the record also show that any inadvertent testimony as to non-access is deliberately excluded by this Court and will not be considered by this Court. I want to keep the record entirely clean on that, on that point.

We hold that under the circumstances, this ruling was sufficient to exclude all Mrs. Lewter's testimony as to non-access.

For these reasons, the order of the family court is

Affirmed.

SHAW and BELL, JJ., concur.