22415

Linda Kay Arnold STEWART, Respondent v. David Leason BROWN, a/k/a Leason David Brown, Appellant.

(338 S. E. (2d) 150)

Supreme Court

*Julius B. Aiken,* Greenville, *for appellant.*

*Linda M. Leslie* of *Legal Services Agency of Western Carolina, Inc.,* Greenville, *for respondent.*

Submitted Sept. 23, 1985.

Decided Dec. 9, 1985.

*Per Curiam:*

This is an appeal from a family court order. The trial judge found that Respondent's younger daughter was illegitimate, that Appellant was the child's father and ordered Appellant to pay child support.

Respondent was permitted, over objection, to testify to

her husband's non-access during the period of conception. Her testimony was corroborated by that of her sister and a former roommate, but neither was able to establish the husband's absolute non-access. Appellant presented evidence that Respondent's husband had access to her and could have fathered the child.

The presumption of legitimacy is one of the strongest known to law. *Barr's Next of Kin, et al. v. Cherokee, Inc.*, 220 S. C. 447, 68 S. E. (2d) 440 (1951). This presumption, that a husband has access to his wife and is the father of her children, may only be overcome by the clearest evidence, *S. C. Dept. of Social Services v. Thomas*, 274 S. C. 228, 262 S. E. (2d) 415 (1980), which must come from third parties. *Barr's supra; Lewter v. Thompson*, 281 S. C. 397, 315 S. E. (2d) 821 (S. C. App. 1984). Clearly the family court judge erred in allowing Respondent to testify to her husband's non-access after the objection was made.

Absent Respondent's testimony, the evidence is insufficient to meet the heavy burden of proof placed upon a parent seeking to have a child, born in wedlock, declared illegitimate. We reverse.