22662

James Leon CHANDLER and Mary L. Chandler, Petitioners-Respondents v. Chris MERRELL and Lucille Merrell, Respondents-Respondents.
In re BABY BOY CHANDLER, Bobbie Joe Chandler and Billie Joe Chandler, Minors under the age of Fourteen (14) years, and Terry CHANDLER, Appellant v. Chris and Lucille MERRELL, Respondents.

(353 S. E. (2d) 133)

Supreme Court

*A. D. Orander, Jr.,* Easley, *for appellant.*

*Jesse M. Ray,* Greenville, *for respondents-respondents.*

*Jean L. Awde,* Seneca, *for petitioners-respondents.*

*H. Morris Cox,* Clemson, *Guardian ad Litem.*

Heard Dec. 10, 1986.

Decided Feb. 2, 1987

GREGORY, Justice:

Appellant Terry Chandler intervened in this adoption proceeding asserting that he is the natural father of the infant boy and seeking custody of the child. He appeals that part of the Family Court's order denying his paternity claim. We affirm.

Corrine Chandler married David Gaines in July 1983. She was still married to David Gaines when she gave birth to the infant boy in December 1984. Corrine Chandler and David Gaines were killed in an automobile accident shortly after the child's birth.

Appellant introduced evidence at trial that he had sexual relations with Corrine Chandler during the crucial period of conception. He also introduced blood test results indicating that he belongs to a small percentage of males who could have fathered the child. The Family Court concluded, however, that the infant boy is the legitimate issue of Corrine Chandler and David Gaines.

Appellant contends the Family Court erred in applying a presumption of legitimacy in determining the infant boy's paternity. He argues that because Corrine Chandler and David Gaines did not publicly acknowledge their marriage, the presumption should not apply.

This argument is without merit. The presumption of legitimacy is one of the strongest known to law. *Stewart v. Brown,* 289 S. C. 414, 338 S. E. (2d) 150 (1985);

*Barr's Next of Kin v. Cherokee, Inc.* 220 S. C. 447, 68 S. E. (2d) 440 (1951). Every child born in wedlock is presumed to be legitimate. *Hudson v. Blanton*, 282 S. C. 70, 316 S. E. (2d) 432 (Ct. App. 1984). While we recognize that appellant seeks to disprove the child's legitimacy only to promote what he believes to be the child's best interest, the presumption of legitimacy still applies.

Appellant also contends that the Family Court erred ■■ in concluding that the presumption of legitimacy could be overcome only by conclusive proof of non-access by Corrine's husband during the crucial period of conception. The presumption of a husband's access to his wife may be overcome only by the clearest of evidence that it was impossible for him to father his wife's child because of impotence or imbecility, or by reason of his entire absence from his wife's presence during the period of conception. *Department of Social Services v. Thomas*, 274 S. C. 228, 262 S. E. (2d) 415 (1980); *Barr's Next of Kin, supra; Hudson, supra.* The Family Court correctly applied this standard of proof.

Appellant further contends that the Family Court's ■■ finding of the child's legitimacy is against the preponderance of the evidence because there is no evidence to show that David Gaines had access to his wife during the period of conception. The presumption of legitimacy is not rebutted by mere proof of a wife's adultery. *Barr's Next of Kin, supra; Lewter v. Thompson*, 281 S. C. 397, 315 S. E. (2d) 821 (Ct. App. 1984). Because a husband's non-access must be proved in order to rebut the presumption, appellant's mere proof of his own access in insufficient to prove his paternity of the child. We find no error in the Family Court's finding.

Accordingly, the judgment of the Family Court is

Affirmed.

NESS, C. J. and CHANDLER and FINNEY, JJ., concur.

HARWELL, J., not participating.