22985

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, on Behalf of
Marie ROSEBORO, Respondent v. Willie BURRIS and James K. Rose-
boro, of whom Willie Burris is Appellant.

(377 S. E. (2d) 578)

Supreme Court

*Melvin L. Roberts,* York, *for appellant.*

*Nan L. Black, Irene Moye* and *George R. Burnett,* Colum-
bia, *for respondent.*

*Lynn Snowber-Marini,* Rock Hill, *guardian ad litem.*

Heard Jan. 11, 1989.

Decided March 6, 1989.

CHANDLER, Justice:

Willie Burris (Burris) appeals an order finding him to be the father of Marie Roseboro's (Marie) son, Frederick, and requiring child support. We affirm.

Frederick was born on October 13, 1970, at which time Marie was legally married to James E. Roseboro. Over objection, the Roseboros testified that, after separating in 1966, they never had sexual relations. On the other hand, Burris admitted having sexual relations with Marie both before and after Frederick's birth. Based upon this evidence, the Family Court found Burris to be Frederick's father.

## ISSUES

Burris contends the Family Court erred in:

1. Allowing the Roseboros to testify regarding non-access.
2. Finding him to be Frederick's father.
3. Failing to give preclusive effect to a 1972 order.
4. Including certain material in the record on appeal.

## I. TESTIMONY OF NON-ACCESS

Burris argues that Roseboros' non-access testimony was incompetent under Lord Mansfield's rule,[1] as adopted by this Court in *Barr's Next of Kin v. Cherokee, Inc.*[2]:

[U]nless otherwise provided by statute, neither husband nor wife may testify as to non-access between them in any case where the question of the legitimacy of a child born in wedlock is in issue. The evidence of non-access must come from third persons.[3]

The Family Court held the testimony admissible under the recently enacted S. C. Code Ann. § 20-7-956 (1985). We agree.

---

[1] The rule was announced by Lord Mansfield in the case of *Goodright v. Moss*, 2 Cowp. 291, 98 Eng. Rep. 1257 (1777). In South Carolina, it was recognized in dictum as early as 1868: *Moseley v. Eakin*, 49 S. C. L. (15 Rich.) 324, 340 (1868); *Cave v. Cave*, 101 S. C. 40, 44, 85 S. E. 244, 246 (1914).

[2] 220 S. C. 447, 68 S. E. (2d) 440 (1951) [subsequently applied in *Peoples Nat'l Bank v. Manos Bros, Inc.*, 226 S. C. 257, 84 S. E. (2d) 857 (1954); *Lewter v. Thompson*, 281 S. C. 397, 315 S. E. (2d) 821 (Ct. App. 1984); and *Stewart v. Brown*, 289 S. C. 414, 338 S. E. (2d) 150 (1985)].

[3] *Barr's*, 220 S. C. at 462, 68 S. E. (2d) at 447 (citations omitted).

page_number 539

The statute reads:

> The following evidence is admissible at a hearing to determine paternity:
> ... (5) The testimony of a husband and wife as to any relevant matter, *including marriage and parentage.* ...
> [Emphasis supplied].

The statute, in specifying parentage as a permissible subject for husband and wife testimony, clearly supercedes Lord Mansfield's rule in paternity cases.[4] Accordingly, the Roseboros' testimony on non-access was properly admitted.

Burris' reliance on *Stewart v. Brown*[5] is misplaced. Section 20-7-956(5) was enacted after the Family Court order in *Stewart* but prior to our decision on appeal. The parties did not raise the issue of its effect upon the rule in *Barr's*, nor was it addressed in our opinion. Accordingly, *Stewart* is not controlling here.

## II. FINDING OF PATERNITY

The presumption of a husband's access to his wife may be overcome only by the clearest of evidence that he is not the father.[6] This presumption remains and is not affected by § 20-7-956(5).

The Roseboros' testimony of non-access was sufficient to rebut the presumption. Based upon the record, including Burris' admissions of sexual relations with Marie, we affirm the finding of paternity.

## III. 1972 ORDER

In 1972, Mr. Roseboro was ordered to pay support to Marie for Frederick, as well as her other children. Burris contends the support order constituted a prior adjudication of paternity, so that the Family Court should have held the present action barred by *res judicata* and collateral estoppel. These defenses, however, were not pled or otherwise presented to

---

[4] A similar provision is contained in the Uniform Reciprocal Enforcement of Support Act (URESA). *See* S. C. Code Ann. § 20-7-1065 (1985).

[5] 289 S. C. 414, 338 S. E. (2d) 150 (1985).

[6] *Chandler v. Merrell*, 291 S. C. 224, 353 S. E. (2d) 133 (1987); *Hudson v. Blanton*, 282 S. C. 70, 316 S. E. (2d) 432 (Ct. App. 1984).

or passed upon by the Family Court and are unavailable on appeal.[7]

## IV. ORDER SETTLING RECORD

■ Finally, Burris excepts to settlement of the record on the ground that pleadings allegedly not served upon him were improperly included. His contention that this lack of service deprived the Family Court of personal jurisdiction is without merit. His voluntary appearance was equivalent to personal service,[8] vesting the Family Court with jurisdiction.

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[7] See Bass v. Honey Fried Chicken Corp., 257 S. C. 430, 186 S. E. (2d) 243 (1972); Sanders v. Jasper County Bd. of Education, 233 S. C. 414, 105 S. E. (2d) 201 (1958).

