519 S.E.2d 802

**William David DOUGLASS, A minor under the age of fourteen (14), by his Next Friend, Herbert W. LOUTHIAN, Esquire, Appellant,**

v.

**Daniel F. BOYCE, Yvonne Boyce, Robert Charles Brown, Donna Seegars Givens, Sandra Dooley Parker, Jonas and Wiggins, Attorneys at Law, and Stephen R. Fitzer, as substitute Personal Representative of the Estate of Christopher Daniel Boyce, Deceased, Respondents.**

No. 3018.

Court of Appeals of South Carolina.

Heard April 12, 1999.

Decided June 28, 1999.

Rehearing Denied Sept. 11, 1999.

320

Ann L. Furr and Robert L. Hallman, both of Columbia, for appellant.

Arthur K. Aiken and Joel W. Collins, Jr., both of Collins & Lacy; Carlos W. Gibbons, Jr., of Ashley & Gibbons; Warren C. Powell, Jr., of Bruner, Powell & Robbins; and Stephen R. Fitzer, pro se, all of Columbia; and Susan Taylor Wall, of Nexsen, Pruett, Jacobs, Pollard & Robinson, of Charleston, for respondents.

HUFF, Judge:

William David Douglass, a minor under the age of fourteen (14) years, by his Next Friend, Herbert W. Louthian, Esquire, appeals the circuit court's granting of Motions to Dismiss in favor of Robert Brown, Donna Seegars Givens, Sandra Dooley Parker, and Jonas and Wiggins, Attorneys at Law. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

The facts, as asserted by appellant, are as follows. William David Douglass was born to Melodye Shampine on July 20,

1990. At the time of William's birth, Melodye was lawfully married to Robert Douglass. William's birth certificate lists Robert Douglass as his father. Melodye and William now claim that Christopher Boyce is, in fact, William's father. Christopher was, at the time, a minor and a special needs student in a class in which Melodye was the teacher's aide.

Subsequent to Melodye's pregnancy, but prior to William's birth, Robert Douglass initiated an action for divorce against Melodye on the ground of adultery. During the divorce action, Robert was represented by Sandra Dooley Parker, and Melodye was represented by Lynn Wiggins of Jonas and Wiggins. William alleges, although both Parker and Wiggins knew that William was not Robert's child, the divorce action did not address his paternity. Neither the child nor Christopher was joined as a party to determine paternity and no Guardian ad Litem was appointed to represent William.

In April of 1991, Christopher Boyce, the alleged father of William, died in a motor vehicle accident. In May of 1991, Daniel and Yvonne Boyce, Christopher's parents, filed an Application for Appointment as Personal Representatives of the Estate of their son. The Application made no mention of William, and he was not included as an heir. Daniel and Yvonne were subsequently appointed as Personal Representatives by the Probate Court.

The Boyces initiated a Wrongful Death Action as Personal Representatives for Christopher's Estate. The action failed to name William Douglass as a beneficiary. The Boyces were represented in the action by Robert Brown and Donna Seegars Givens of the firm Brown and Woods. No notice of the proceedings was given to William, and no Guardian ad Litem was appointed to represent him. The action was settled, and the proceeds were distributed as attorney's fees and to the Boyces.

William claims that the Boyces knew he was the biological son of Christopher and they have recognized him as their grandchild. He also asserts that attorneys Brown and Givens were informed by the Boyces that he was the biological son of Christopher.

In 1995, Melodye, as Next Friend of William, brought a claim in the Court of Common Pleas against Daniel and

Yvonne Boyce. A subsequent claim was brought in Probate Court to reopen the Estate of Christopher Boyce. The case in Probate Court was transferred to Circuit Court, and the cases were consolidated. Herbert Louthian was substituted as Next Friend for William, and Steve Fitzer was appointed as Personal Representative of Christopher's Estate.

In April of 1997, a second amended complaint was filed adding Robert Brown, Donna Seegars Givens, Sandra Dooley Parker, and Jonas and Wiggins as defendants. This complaint asserted causes of action of conspiracy and intentional interference with inheritance rights against Brown and Givens. The complaint asserted a cause of action against Parker and Jonas and Wiggins for professional negligence. Attorneys Brown and Givens and the firm of Jonas and Wiggins filed motions to dismiss under Rule 12(b), SCRCP. Parker filed a motion for judgment on the pleadings pursuant to Rule 12(c), SCRCP. By order dated August 29, 1997, the motions were granted, and the actions against Brown, Givens, Parker, and Jonas and Wiggins were dismissed with prejudice.

## ISSUES ON APPEAL

Whether the trial judge erred in (1) dismissing the action against Parker and Jonas and Wiggins because § 20–7–952 mandated they take action to protect him in the divorce action between Melodye and Robert and (2) dismissing the action against Brown and Givens because the complaint sufficiently stated causes of action for conspiracy and intentional interference of inheritance rights.

## LAW/ANALYSIS

A judgment on the pleadings against the plaintiff is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment. *Russell v. City of Columbia,* 305 S.C. 86, 406 S.E.2d 338 (1991). A judgment on the pleadings is in the nature of a demurrer, and all properly pleaded factual allegations are deemed admitted for purposes of the consideration of a demurrer. *Id.* When a fact is well pleaded, any inferences of law or conclusions of fact that may properly arise therefrom are to be regarded as embraced in the averment. *Id.* A

complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever. *Id.*

1. Dismissal as to Attorneys Involved in Divorce Action

■ William first argues the trial judge erred in finding S.C.Code Ann. § 20–7–952 (1985), did not apply to the divorce proceedings involving Robert and Melodye. He further argues that Sandra Parker, as attorney for Robert, and Jonas and Wiggins, representing Melodye, were negligent in not following the procedures set forth in § 20–7–952(E).[1] William asserts that the attorneys breached their duty to him created by the statute, and this breach caused him to be declared a child of the marriage of Robert and Melodye, resulting in William being omitted as a beneficiary in the wrongful death action.

The trial judge held § 20–7–952, by its clear language, did not apply to the Douglass divorce proceedings and, assuming that it did apply, would not support a malpractice cause of action because the essential purpose of the statute was not to protect from the kind of harm alleged by William.

Section 20–7–952 (1985), provides in pertinent part:

A. The purpose of this subarticle is to establish a procedure to aid in the determination of the paternity of an individual.

\* \* \*

E. Whenever an action threatens to make a child illegitimate, the presumed legal father and the putative natural father must be made parties respondents to the action. A child under the age of eighteen years must be represented by a guardian ad litem appointed by the court....

William contends this code section mandated the appointment of a guardian ad litem and the joining of the putative father to the Douglass divorce proceedings. He asserts the attorneys' failure to follow the dictates of the statute amount-

---

1. At the motions hearing, counsel for William agreed William was relying solely on this statute as the basis for the professional negligence claim against Parker and Jonas and Wiggins.

ed to a breach of this statutorily created duty owed to him. We disagree.

■ By the plain language of the statute, it only applies in an action which "threatens to make a child illegitimate." William would have the statute apply in a divorce proceeding in which paternity was not an issue. The child is presumed to be a legitimate child of the marriage, unless a paternity action proves otherwise. *See Lewter v. Thompson*, 281 S.C. 397, 315 S.E.2d 821 (Ct.App.1984) (presumption that child born in wedlock is legitimate, although rebuttable, is one of strongest known in law). In effect William argues that the issue of paternity should have been addressed in the divorce proceedings and that the attorneys breached their duty to him by not going against the presumption of legitimacy to make him illegitimate. We do not believe the law imposes a burden on attorneys in every divorce matter to determine paternity of the children of the parties where the parties themselves do not request such action. The statute certainly does not require the attorneys to force the issue of the legitimacy of children if that is not the wishes of the parties to the divorce. Accordingly, we find the trial judge properly concluded § 20–7–952 did not apply and dismissal of the action against Parker and Jonas and Wiggins was proper.

■■ We further find an additional basis for affirmance of dismissal against these attorneys. The trial judge found as an additional ground that, assuming § 20–7–952 did apply, William failed to show a duty of care arising from the statute. "In order to show that the defendant owes him a duty of care arising from a statute, the plaintiff must show two things: (1) that the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) that he is a member of the class of persons the statute is intended to protect." *Rayfield v. South Carolina Dep't of Corrections*, 297 S.C. 95, 374 S.E.2d 910 (Ct.App.1988), *cert. denied*, 298 S.C. 204, 379 S.E.2d 133 (1989). Because he found William failed to meet the first element in *Rayfield*, the trial judge found the complaint failed to raise a legally cognizable claim for professional negligence. William has failed to argue against this finding, and thus, it is the law of the case. *See Hall v. Clarendon Outdoor Advertising, Inc.*, 311 S.C. 185, 428

S.E.2d 1 (Ct.App.1993) (failure to argue against trial judge's ruling renders it the law of the case); *Lindsay v. Lindsay,* 328 S.C. 329, 491 S.E.2d 583 (Ct.App.1997) (appellate court will affirm ruling by lower court if offended party does not challenge that ruling; failure to challenge ruling is abandonment of the issue and precludes consideration on appeal; unchallenged ruling is law of the case and requires affirmance).

2. Dismissal as to Attorneys Involved in Wrongful Death Action

William also contends the dismissal of his claims against Brown and Givens was inappropriate. The complaint asserted two causes of action against Brown and Givens: civil conspiracy and intentional interference with inheritance rights. William asserts his complaint sufficiently stated factual allegations which would entitle him to relief. We disagree.

The trial judge held the conspiracy and intentional interference with inheritance rights claims were fatally deficient and should be dismissed. He found Brown and Givens were acting at all times in their professional capacities as attorneys for the Boyces and they could not be subject to the claims of third parties arising out of the performance of professional activities on behalf of their clients.

Ordinarily, an attorney is immune from liability to third persons arising out of the performance of his professional activities on behalf of and with the knowledge of his client. *Gaar v. North Myrtle Beach Realty Co., Inc.,* 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct.App.1986). "Accordingly, an attorney *who acts in good faith* with the authority of his client is not liable to a third party in an action for malicious prosecution." (emphasis added). *Id.* at 528–529, 339 S.E.2d at 889. In *Stiles v. Onorato,* 318 S.C. 297, 457 S.E.2d 601 (1995), our Supreme Court noted a number of jurisdictions recognize that an attorney may be held liable where he acts in bad faith or for his own personal motivations. *Stiles,* 318 S.C. at 298, 457 S.E.2d at 602. Citing cases from other jurisdictions that recognized an attorney may be held liable for acts of conspiracy with his client, as well as for fraud and conversion in conjunction with representation of clients, the court held "[a]n attorney may be held liable for conspiracy where, in addition

to representing his client, he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client." *Id.* at 299–300, 457 S.E.2d at 602.

 Nowhere in the amended complaint does William allege that Brown and Givens acted to further their personal interests. Additionally, Brown and Givens owed no independent duty to William. Although it is true that the wrongful death action was brought on behalf of the statutory beneficiaries, William was not a statutory beneficiary because he had never been adjudicated the biological child of Christopher. Accepting the facts as pled to be true, even if Brown and Givens were aware that William was the biological son of the deceased, William was the putative son of Robert Douglass, not Christopher Boyce. William's birth certificate lists Robert Douglass as William's father, and Robert Douglass was married to William's mother at the time of his birth, thus rendering William legitimate. The Douglass divorce decree did not alter William's legitimate status. Brown and Givens, as counsel for Christopher Boyce's statutory beneficiaries, had no duty to challenge the presumptively valid evidence that William was Robert's legitimate son.

 With respect to William's second cause of action against Brown and Givens, South Carolina has apparently never recognized a claim for interference with inheritance rights. Even if such a claim were cognizable, it also fails under *Gaar* and *Stiles* because there is no allegation that these attorneys were acting for their own personal benefit outside the scope of their representation of their clients, or that they had any independent duty to William. William cannot claim that Brown and Givens interfered with his inheritance rights by not disregarding his legitimacy and thus stigmatizing him as the illegitimate child of Christopher Boyce.

The trial judge properly resolved the Rule 12(b)(6), SCRCP, motion to dismiss as to all defendants.

**AFFIRMED.**

HEARN and STILWELL, JJ., concur.