542 S.E.2d 715

William David DOUGLASS, a minor under the age of fourteen (14) years, by his Next Friend, Herbert W. LOUTHIAN, Esquire, Petitioner,

v.

Daniel F. BOYCE, Yvonne Boyce, Robert Charles Brown, Donna Seegars Givens, Sandra Dooley Parker, Jonas and Wiggins, Attorneys at Law, and Stephen R. Fitzer, as substitute Personal Representative of the Estate of Christopher Daniel Boyce, deceased, Defendants,

of whom Robert Charles Brown, Donna Seegars Givens, Sandra Dooley Parker, and Jonas and Wiggins, Attorneys at Law are Respondents.

No. 25249.

Supreme Court of South Carolina.

Heard Jan. 9, 2001.

Decided Feb. 12, 2001.

6

Robert L. Hallman, of Columbia, for petitioner.

Susan Taylor Wall and Mary Legare Hughes, both of Nexsen, Pruet, Jacobs, Pollard & Robinson, of Charleston, for respondents Brown and Givens.

Joel W. Collins, Jr., and Rebecca M. Monroy, both of Collins & Lacy, P.C.; and Arthur K. Aiken, of Hammer, Hammer, Carrigg & Potterfield, all of Columbia, for respondent Parker.

Warren C. Powell, Jr., of Bruner, Powell, Robbins, Wall & Mullins, of Columbia, for respondent Jonas and Wiggins, Attorneys at Law.

MOORE, Justice:

We granted a writ of certiorari to review the Court of Appeals' decision [1] affirming dismissal of the various causes of action against respondents. We affirm.

---

1. 336 S.C. 318, 519 S.E.2d 802 (Ct.App.1999).

## FACTS

Seventeen-year-old Christopher Boyce was killed in an automobile accident on April 27, 1991. His parents, defendants Daniel and Yvonne Boyce, were appointed personal representatives of his estate and pursued a wrongful death action which they eventually settled. The Boyces were the sole beneficiaries of the wrongful death action.

Petitioner (Child) commenced this action in 1995 against the Boyces alleging they breached their fiduciary duty to him by failing to include him as a statutory beneficiary in the wrongful death action. Child alleged he was Christopher's biological son and was therefore entitled to recover in the wrongful death action as the sole statutory beneficiary.[2]

Child was born less than a year before Christopher's death to Melodye Shampine who was married at the time to Robert Douglass. Robert Douglass was listed on Child's birth certificate as his father. Melodye and Robert divorced shortly after Child's birth.

In April 1997, Child amended his complaint in the action against the Boyces to include a negligence cause of action against respondent Parker and respondent Jonas and Wiggins (Divorce Attorneys) who represented Melodye and Robert in their divorce proceeding. Child also alleged causes of action against respondents Brown and Givens (Tort Attorneys) for conspiracy and intentional interference with inheritance rights arising from their representation of the Boyces in the wrongful death action.

The trial judge dismissed with prejudice the causes of action against all the attorneys essentially ruling they had no duty to Child. The Court of Appeals affirmed.

## ISSUES

1. Did Divorce Attorneys owe Child a duty of care under S.C.Code Ann. § 20-7-952(E) (1985) such that they could be held liable for professional negligence?

---

**2.** Under S.C.Code Ann. § 15-51-20 (Supp.1999), the beneficiaries in a wrongful death action are the spouse and children of the decedent, and if there is no spouse or child, then the parents of the decedent.

2. Did Tort Attorneys owe Child a duty of care such that they could be held liable for conspiracy and intentional interference with inheritance?

## DISCUSSION

### 1. Divorce Attorneys

Child's amended complaint alleged Divorce Attorneys were professionally negligent in failing to follow procedural requirements to establish Child's paternity in the Douglass divorce proceedings when Melodye and Robert had acknowledged he was not a child of their marriage. Child asserted Divorce Attorneys owed him a duty of care under S.C.Code Ann. § 20-7-952(E) (1985) which provides:

*Whenever an action threatens to make a child illegitimate,* the presumed legal father and the putative natural father must be made parties respondents to the action. A child under the age of eighteen years must be represented by a guardian ad litem appointed by the court. Neither the mother nor the presumed or putative father of the child may represent him as guardian ad litem.

The trial judge found this section did not apply to the divorce proceeding in this case and the Court of Appeals affirmed. We agree.

Section 20-7-952(E) is part of subarticle 4, article 9, of the Children's Code which is entitled "Determination of Paternity." As specified in subsection (A) of § 20-7-952, "the purpose of this subarticle is to establish a procedure to aid in the determination of the paternity of an individual." Subsection (C) provides which parties may bring "an action to establish the paternity of an individual."

Reading the statute as a whole, we find subsection (E) is intended to apply in actions brought for the purpose of determining paternity when there is a presumed legal father because the mother was married at the time of the child's birth. Section 20-7-952(E) does not apply to the divorce proceeding between Melodye and Robert because that proceeding could not have the effect of making Child illegitimate. Absent a paternity action, Child remains the presumed legitimate child of Robert. *See Chandler v. Merrell,* 291 S.C. 224,

353 S.E.2d 133 (1987). We conclude the Court of Appeals properly affirmed dismissal of this cause of action because Divorce Attorneys owed Child no duty under § 20–7–952(E).[3]

## 2. Tort Attorneys

■ Child's amended complaint alleged Tort Attorneys knew Child was Christopher's biological son and they intentionally interfered with his inheritance rights by failing to notify him of the wrongful death action. The trial judge granted Tort Attorneys' motion to dismiss on the ground they were immune from liability to third parties for injuries allegedly arising from the performance of their professional duties under *Gaar v. North Myrtle Beach Realty, Inc.*, 287 S.C. 525, 339 S.E.2d 887 (Ct.App.1986), and *Stiles v. Onorato*, 318 S.C. 297, 457 S.E.2d 601 (1995). The Court of Appeals affirmed holding South Carolina has never recognized a cause of action for intentional interference with inheritance rights and, in any event, Tort Attorneys had no duty to Child.

■ We have not adopted the tort of intentional interference with inheritance,[4] however, we need not decide whether

---

3. The Court of Appeals also held Child had failed to appeal the trial judge's alternative ground for dismissal and therefore this ruling was the law of the case. *See In re: Morrison*, 321 S.C. 370, 468 S.E.2d 651 (1996) (unappealed ruling is law of the case). In addition to holding § 20–7–952(E) did not apply, the trial judge ruled in the alternative that Divorce Attorneys owed no duty under § 20–7–952(E) pursuant to the rule set forth in *Rayfield v. South Carolina Dept. of Corrections,* 297 S.C. 95, 374 S.E.2d 910 (Ct.App.1988). The rule discussed in *Rayfield*, however, is the public duty rule which by definition applies only to determine whether a government entity can be held liable for breach of a statutory duty. *See Steinke v. South Carolina Dept. of Labor, Licensing, and Regulation*, 336 S.C. 373, 520 S.E.2d 142 (1999). While the Court of Appeals' holding regarding the law of the case is procedurally correct, the public duty rule does not apply in this case.

4. We have adopted the closely analogous tort of intentional interference with prospective contractual relations. *Crandall Corp. v. Navistar Int'l Transp. Corp.*, 302 S.C. 265, 395 S.E.2d 179 (1990); *see also Allen v. Hall*, 328 Or. 276, 974 P.2d 199 (1999) (intentional interference with inheritance closely analogous to intentional interference with economic relations). Most jurisdictions adopting the tort of intentional interference with inheritance have required the plaintiff to prove the following elements: (1) the existence of an expectancy (2) an intentional interference with that expectancy through tortious conduct (3) a reasonable certainty that the expectancy would have been realized but for the

to recognize this cause of action here since we find Tort Attorneys owed Child no duty as a matter of law. As noted by both the trial judge and the Court of Appeals, an attorney is immune from liability to third persons arising from the attorney's professional activities on behalf and with the knowledge of the client, absent an *independent* duty to the third party. *Stiles v. Onorato, supra.*[5] Accordingly, in this case, the question is whether an attorney representing the personal representative in a wrongful death action has an independent duty to the statutory beneficiaries.[6]

Under our Probate Code, S.C.Code Ann. § 62–1–109 (Supp. 1999), the legislature has provided the following:

Unless expressly provided otherwise in a written employment agreement, the creation of an attorney-client relationship between a lawyer and a person serving as a fiduciary[7] shall not impose upon the lawyer any duties or obligations to other persons interested in the estate, trust estate, or other fiduciary property, even though fiduciary funds may be used to compensate the lawyer for legal services rendered to the fiduciary. This section is intended to be declaratory of the common law and governs relationships in existence between lawyers and persons serving as fiduciaries as well as such relationships hereafter created.

This statute expressly negates any duty to persons interested in "other fiduciary property," which includes the proceeds of a wrongful death action since such an action is brought by a fiduciary. Further, the legislature has expressed its clear

___

interference and (4) damages. *See, e.g., Nemeth v. Banhalmi,* 99 Ill. App.3d 493, 55 Ill.Dec. 14, 425 N.E.2d 1187 (1981); *Morrill v. Morrill,* 712 A.2d 1039 (Me.1998); *Doughty v. Morris,* 117 N.M. 284, 871 P.2d 380 (Ct.App.1994); *Firestone v. Galbreath,* 67 Ohio St.3d 87, 616 N.E.2d 202 (1993); *Wickert v. Burggraf,* 214 Wis.2d 426, 570 N.W.2d 889 (1997); *see also* Restatement (Second) of Torts § 774B (1979).

**5.** There is no allegation the attorneys were acting for their own personal interests, another exception to the immunity rule. *Stiles, supra.*

**6.** *See* S.C.Code Ann. § 15–51–20 (Supp.2000) requiring that an action for wrongful death "shall be for the benefit of" the enumerated statutory beneficiaries.

**7.** A "fiduciary" is defined to include a personal representative under § 62–1–201(13) (1987).

intent that this statute be applied retroactively. *See South Carolina Dept. of Revenue v. Rosemary Coin Machines, Inc.,* 339 S.C. 25, 528 S.E.2d 416 (2000) (statute will not be given retroactive effect absent specific provision in the enactment or clear legislative intent). Accordingly, § 62–1–109, which was enacted in 1994, applies in this case to Tort Attorneys' employment by the Boyces which commenced at some time before that date.[8]

In reaching this conclusion, we emphasize that attorneys must conduct themselves ethically in all matters. The fact the legislature has seen fit to limit an attorney's responsibility to third parties when representing a fiduciary does not diminish this overriding ethical obligation.

We hold under § 62–1–109 the Court of Appeals properly affirmed the dismissal of the causes of action against Tort Attorneys because they owed Child no duty in connection with their representation of the Boyces as personal representatives of Christopher's estate.

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

8. The record indicates only that the wrongful death action brought by Tort Attorneys was settled in 1993.