**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George William Rauton, III, Appellant,

v.

Patsy R. Lightle, Respondent.

Appellate Case No. 2023-000541

―――――――――

Appeal From Edgefield County
Brian M. Gibbons, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2026-UP-027
Submitted January 2, 2026 – Filed January 28, 2026

―――――――――

**AFFIRMED**

―――――――――

David Randolph Whitt, of Fleming & Whitt, PA, of West Columbia, for Appellant.

Adam Tremaine Silvernail, of Law Office of Adam T. Silvernail, of Columbia, for Respondent.

―――――――――

**PER CURIAM:** George William Rauton, III, appeals a circuit court order dismissing his complaint against Patsy R. Lightle for intentional interference with inheritance. On appeal, he argues the circuit court erred in (1) concluding that he had not sufficiently pled an expectancy, (2) dismissing his complaint without providing him an opportunity to amend it, (3) concluding that an adequate remedy

existed in probate court regarding the bank accounts, and (4) concluding that an adequate remedy existed in probate court as to life insurance policies not payable to the estate. We affirm pursuant to Rule 220(c), SCACR.

We hold the circuit court did not err in dismissing Rauton's complaint. *See Cricket Cove Ventures, LLC v. Gilland*, 390 S.C. 312, 321, 701 S.E.2d 39, 44 (Ct. App. 2010) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court."); *id.* ("In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Disabato v. S.C. Ass'n of Sch. Adm'rs*, 404 S.C. 433, 441, 746 S.E.2d 329, 333 (2013) ("A claim may be dismissed when the defendant demonstrates that the plaintiff has failed to allege facts sufficient to establish a cause of action."); *Doe v. Marion*, 361 S.C. 463, 469-70, 605 S.E.2d 556, 559 (Ct. App. 2004) ("The trial court[']s grant of a motion to dismiss will be sustained if the facts alleged in the complaint do not support relief under any theory of law."), *aff'd*, 373 S.C. 390, 645 S.E.2d 245 (2007). South Carolina has not formally recognized the tort of intentional interference with inheritance and Rauton has not requested this court do so; accordingly, Rauton has not alleged a valid claim of relief. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal."); *Douglass ex rel. Louthian v. Boyce*, 344 S.C. 5, 9-10, 542 S.E.2d 715, 717 (2001) ("We have not adopted the tort of intentional interference with inheritance . . . ."); *Malloy v. Thompson*, 409 S.C. 557, 561, 762 S.E.2d 690, 692 (2014) (declining to "adopt[] or reject[] the tort of intentional interference with inheritance").[1]

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We need not address any of Rauton's issues because they all presuppose the existence of the tort of intentional interference with inheritance, which South Carolina has not formally recognized nor has Rauton requested this court recognize. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.