23037

Appeal of Neely Hunter SEXTON, Sr., and Neely Hunter Sexton, Sr., as Executor of the Estate of Frieda P. Sexton, deceased.

In re Janet T. SEXTON, Respondent v. Patrick B. SEXTON, Neely Hunter Sexton, Sr., and Neely Hunter Sexton, Sr., as Executor of the Estate of Frieda P. Sexton, deceased, Defendants.

(380 S. E. (2d) 832)

Supreme Court

*Edward K. Pritchard, III*, of *Sinkler & Boyd, P.A.*, Charleston, and *Jack G. Leader*, of *Spencer & Spencer, P.A.*, Rock Hill, *for appellants.*

*Melvin L. Roberts*, of *Melvin L. Roberts & Associates*, York, *for respondent.*

Submitted April 18, 1989.

Decided June 26, 1989.

TOAL, Justice:

The sole issue in this case is whether the Family Court has subject matter jurisdiction to equitably apportion property owned by a third party. The lower court held that the Family Court has subject matter jurisdiction to determine whether the property constitutes marital property and, if so, to determine the parties' equitable rights therein. We agree.

## FACTS

Janet T. Sexton commenced this action for divorce against her husband, Patrick B. Sexton. In her amended complaint, filed June 15, 1988, Janet sought, among other things, a divorce and equitable distribution of the marital assets, including the marital residence. Patrick's parents, Neely H. Sexton, Sr., and Frieda P. Sexton, were also named as parties because of their ownership of the marital residence. Janet alleges that although the marital home is titled in their names, she is entitled to an equitable apportionment of this property.

Neely and Frieda Sexton filed a Motion to Dismiss them as defendants on the ground that the Family Court lacks subject matter jurisdiction to equitably apportion their property. This motion was granted following a hearing on August 10, 1988. Janet Sexton, however, moved the Family Court to reconsider. On August 24, 1988, the Family Court judge issued an Order vacating the Order of August 10, 1988, which had dismissed Neely and Freida as parties. The August 24, 1988, Order reinstated Neely and Frieda as parties on the grounds that all four parties had an equitable interest in the residence. This appeal followed.[1]

## LAW/ANALYSIS

Neely Sexton contends that the Family Court does not have subject matter jurisdiction to equitably apportion property owned by a third party.

The Family Court has exclusive jurisdiction to hear and determine actions "for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage. . . ." S. C. Code Ann. § 20-7-420(2) (1976 & Supp. 1988). In addition, the Family Court is granted the authority to apportion marital property. The South Carolina Equitable Apportionment of Marital Property Act provides that "[d]uring the marriage a spouse shall acquire . . . a vested special equity and ownership right in the marital property . . . which equity and ownership right are subject to apportionment between the spouses by the family courts of this State. . . ." S. C. Code

---

[1] Frieda Sexton died testate on October 19, 1988. Neely Sexton, as Executor, was appointed Legal Representative for Frieda Sexton.

Ann. § 20-7-471 (Supp. 1988). The Act, however, prohibits Family Courts from apportioning nonmarital property. S. C. Code Ann. § 20-7-473 (Supp. 1988). *See also Skipper v. Skipper*, 290 S. C. 412, 351 S. E. (2d) 153 (1986).

Therefore, the first issue is whether the marital residence constitutes "marital property." Section 20-7-473 defines marital property as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation ... *regardless of how legal title is held ...*" (emphasis added). This section specifically provides for the possibility that marital property could be titled in a third party.

In order to determine whether the property is marital property, the Family Court has the authority to join the owner of the property as a necessary party to the action. Section 20-7-420(19) provides that the Family Court has exclusive jurisdiction "[i]n furtherance of the complete disposition of cases in the jurisdiction of the court, to bring in and make parties to any proceedings pending in the court any person or persons ... whose presence to the proceedings may be found necessary to a complete determination of the issues therein, or the relief to which the parties thereto ... may be entitled." If the property is found to be marital property, the Court has the authority to apportion it among the parties. In contrast, if it is not marital property, the owners of the property may be dismissed as parties.

This conclusion is in keeping with previous decisions of this Court. In *Slatton v. Slatton*, 289 S. C. 128, 345 S. E. (2d) 248 (1986), the husband transferred title to a car to his mother prior to the commencement of the divorce action. This Court rejected the husband's contention that the Family Court lacked subject matter jurisdiction because neither party held title to the car and held that "[t]he family court clearly had subject matter jurisdiction to determine whether the automobile was marital property and to determine the parties' equitable rights therein." This Court also found that the mother was a necessary party to the action because of her possible interest in the car.

For the reasons discussed above, we hold that when property is alleged to be marital property, but is owned by a

third party, the Family Court has the subject matter jurisdiction to join all persons with a possible interest in the property as parties to the action and to determine if the property constitutes marital property as defined in § 20-7-473. If it is determined that the property is marital property, then the Family Court has the authority to determine the parties' equitable rights therein.

The holding of the Family Court was that it has jurisdiction to determine whether certain property of Neely and Frieda Sexton is marital property of Janet and Patrick Sexton. To that end, the Family Court ordered that Neely and Frieda Sexton be made parties and be given twenty days from the date of the Order to file their Answer. There is certain dicta in the Family Court Order concerning the contributions to interest of the parties in the property in dispute. However, since these issues have not been joined by pleadings on the merits, the observations of the Family Court regarding contribution to and interest in the property are not binding on the Family Court in a trial on the merits.

Accordingly, the Order of the Family Court declining to dismiss Frieda and Neely Sexton as parties in this matter and setting a time for an answer is affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.