647 S.E.2d 256

**James Lee WILLIAMS, Appellant,**

**v.**

**Betty R. WILLIAMS, by her personal representatives, Renitia W. ANDERSON and Wanda H. Sturkey, Respondents.**

**No. 4263.**

Court of Appeals of South Carolina.

Heard April 10, 2007.

Decided June 21, 2007.

150

Jan L. Warner, of Columbia, for Appellant.

Stevens Bultman Elliott, of Columbia, for Respondents.

GOOLSBY, J.:

In this family court proceeding, James Lee Williams (Husband) appeals the dismissal of his claim for equitable distribution and the dismissal of Respondents Renetia W. Anderson and Wanda H. Sturkey as defendants in their individual capacities. We reverse and remand.

## FACTS

Husband married Betty R. Williams (Wife) in 1981. Both had been married before. Before the marriage, Husband owned as his separate property a lot and residence located at 237 Lowry Road in Lexington, South Carolina. Husband had purchased this property with a Veterans Administration loan in his name.

During the early years of their marriage, Husband drank to excess regularly. Around 1982, Husband was committed to the South Carolina Department of Mental Health for treatment of various problems, most of which concerned his drinking.

Husband maintained that, because of his memory deficits and vulnerability, he thereafter depended on Wife to handle his financial dealings. Regardless of whether this assertion is correct, it appears undisputed that most of his income was deposited into a joint account on which Wife could write checks.

Apparently with the consent of both Husband and Wife, Respondent Anderson, one of Wife's daughters from a prior

marriage, moved with her family into the residence on the Lowry Road property with the understanding that she pay rent. Husband and Wife then moved into a mobile home on the same lot. Thereafter, according to Husband, Respondent Sturkey, another of Wife's daughters from her prior marriage, moved her mobile home to the Lowry Road property on the condition that she also pay rent.

In 2003, Husband, while measuring the residence so he could have aluminum siding installed, was verbally accosted by Anderson, who asserted she now owned the residence and he could not have anything to do with it. Husband then went to the Lexington County Registrar of Deeds and located two deeds, one dated July 1, 1983, and the other dated January 26, 1995. In the first deed, Husband purportedly conveyed the Lowry Road property to Wife. In the second deed, Wife in turn transferred the property to Anderson and Sturkey. According to Husband, further investigation revealed that neither Anderson nor Sturkey paid rent and both had misappropriated money from the joint checking account.

Husband commenced this action against Wife, Anderson, and Sturkey on July 11, 2003. In his pleadings, Husband alleged he "did not recall signing" the 1983 deed and "believe[d] he was tricked into signing said document." Husband requested, among other relief, an equitable division of the assets of the marriage, including the Lowry Road property and rental income from Anderson and Sturkey. On September 10, 2003, counsel for Wife,[1] Sturkey, and Anderson filed responsive pleadings contending, among other defenses, the action should be dismissed because Husband failed to allege sufficient facts to support an action for fraud.

A final hearing in the matter took place on August 29 and 30, 2005. By order dated October 13, 2005, the family court, although finding the action was for equitable division and declining to dismiss the case for lack of subject matter jurisdiction, granted the motion to dismiss insofar as it concerned the Lowry Road property on the ground that Husband's allegations concerning this asset did not include the requisite elements of a cause of action for fraud. In addition, the family court dismissed Sturkey and Anderson as defendants in their

---

1. Wife died on September 4, 2003, and her estate was later substituted as a party Defendant through her personal representative.

individual capacities.[2]  Following the denial of his motion to reconsider, Husband filed this appeal.

## LAW/ANALYSIS

■ On appeal, Husband contends that, because the family court had subject matter jurisdiction to apportion property owned by third parties, it erred in dismissing his complaint for failure to state facts sufficient to constitute a cause of action for fraud and in dismissing Anderson and Sturkey as individual defendants in this action. We agree.[3]

South Carolina Code section 20–7–473 defines marital property as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation ... *regardless of how legal title is held.*"[4]  As noted by the supreme court in *Sexton v. Sexton,* "[t]his section specifically provides for the possibility that marital property could be titled in a third party."[5]

In the present case, neither Husband nor Wife has held legal title to the disputed property since 1995. Nevertheless, under *Sexton,* the family court in this case had subject matter jurisdiction to determine if the Lowry Road property was marital property as defined in section 20–7–473 and to join Anderson and Sturkey as defendants in their individual capaci-

---

**2.** In the appealed order, the family court granted Husband his personal property that was located at the Lowry Road property and a cemetery plot in West Columbia, South Carolina. The court also dismissed Husband's claim for damages on the ground that it lacked statutory authority.

**3.** Husband does not appeal the dismissal of his claim for damages; therefore, we do not consider whether he can proceed on his claims concerning rent payments, funds allegedly misappropriated by Anderson and Sturkey, or damages allegedly caused by Sturkey in placing a right-of-way on the Lowry Road property.

**4.** S.C.Code Ann. § 20–7–473 (Supp.2006) (emphasis added).

**5.** *Sexton v. Sexton,* 298 S.C. 359, 361, 380 S.E.2d 832, 834 (1989); *see also* S.C.Code Ann. 20–7–420(19) (1985) (granting the family court jurisdiction to "bring in and make parties to any proceedings pending in the court any person or persons ... whose presence to the proceedings may be found necessary to complete determination of the issues therein....").

ties based their position as record owners of the property under the 1995 deed.

In our view, the complaint adequately alleges the Lowry Road property was subject to equitable division. Whether Husband knowingly deeded the property to Wife in 1983 or she deceived him into transferring it to her, the conveyance of the property from Husband to Wife during the parties' marriage would have been sufficient reason to classify it as marital property, but for Wife's purported conveyance to Anderson and Sturkey.[6]

▅▅▅▅▅ Furthermore, because Anderson and Sturkey hold title to the property, we agree with Husband they should not have been dismissed as defendants to this lawsuit. As the supreme court held in *Sexton,*

[W]hen property is *alleged* to be marital property, but is owned by a third party, the Family Court has the subject matter jurisdiction to join all persons with a possible interest in the property as parties to the action and to determine if the property constitutes marital property as defined in § 20–7–473. If it is determined that the property is marital property, then the Family Court has the authority to determine the parties' equitable rights therein.[7]

As evident in the above-quoted passage, to join a third party in an action for equitable distribution, a litigant needs only to make allegations to support a contention that property titled in the third party's name is actually marital property. Moreover, the language in this passage indicates that, if the requisite allegation is made, the party seeking equitable division is entitled at least to a determination by the family court as to whether the property in question is in fact a marital asset.[8] In the present case, the complaint alleges facts that, if substantiated at trial, would support a finding that Wife "acquired" the Lowry Road property during the

6. *See* S.C.Code Ann. § 20–7–473(1) (Supp.2006) (exempting "property acquired by either party by . . . gift" from inclusion in the marital estate, but noting the gift must be "from a party other than the spouse").

7. *Sexton,* 298 S.C. at 361–62, 380 S.E.2d at 834 (emphasis added).

8. As noted in *Sexton,* "[i]f the property is found to be marital property, the Court has the authority to apportion it among the parties. In

parties' marriage. We therefore hold the family court prematurely dismissed Husband's claim for equitable distribution of the Lowry Road property.

■ In determining that Husband was entitled to have the family court determine whether or not the Lowry Road property was a marital asset, we are mindful of the caveat in *Panhorst v. Panhorst,* wherein this court cautioned that section 20–7–473, in specifying "that the marital estate must be identified as of a fixed date," ... has the effect of "foreclos[ing] spouses from litigating every expenditure or transfer of property during the marriage" and preventing marital litigants from "resurrecting" foolish, selfish, or unprofitable transactions "to gain an advantage in the equitable distribution." [9] We note, however, that in *Panhorst* this court also recognized that cases involving "fraudulent transfers or dissipation of marital assets in contemplation of the breakdown of the marriage" are distinguishable.[10] Moreover, in following the supreme court's directive in *Sexton,* we hold that a party seeking equitable division of an asset need only set forth allegations to support a finding that the asset is marital property in order to have the family court make this threshold determination.[11]

Based on the foregoing, we hold Husband is entitled to have the family court determine whether the Lowry Road property is a marital asset and, if so, to have the court determine the rights of all parties claiming an interest to it. For this reason, we also hold Anderson and Sturkey should remain parties to this action pending further determination by the family court as to the marital nature of the property.

**REVERSED AND REMANDED.**

HEARN, C.J., and STILWELL, J., concur.

---

contrast, if it is not marital property, the owners of the property may be dismissed as parties." *Id.* at 361, 380 S.E.2d at 834.

9. *Panhorst v. Panhorst,* 301 S.C. 100, 105, 390 S.E.2d 376, 379 (Ct.App. 1990).

10. *Id.* at 105, 390 S.E.2d at 379.

11. It is for this reason that we reject Respondents' argument that Husband's action, insofar as it concerned the Lowry Road property, was incorrectly filed in the family court.