THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Evelyn Denise
 Sherbert, Respondent,
 v.
 Richard K.
 Beach, Appellant.
 
 
 

Appeal from Spartanburg County
 John M. Rucker, Family Court Judge

Unpublished Opinion No. 2008-UP-567
 Heard September 18, 2008  Filed October
13, 2008   

AFFIRM

 
 
 Kenneth Philip Shabel, of Spartanburg, for Appellant.
 Alexandria Marie Wolf and David Michael Collins, Jr., both of Spartanburg, for Respondent.
 
 

PER CURIAM: In
 this divorce action, Richard K. Beach appeals the family courts apportionment
 of marital property.  We affirm.
FACTS
Beach
 and Evelyn Denise Sherbert were married approximately seven years before they
 separated in 2005.  Sherbert subsequently filed this action requesting a
 divorce, equitable distribution of marital property, and resumption of the use
 of her maiden name.  
The
 family court held a final hearing in March 2007.  The testimony at the hearing
 focused on the distribution of the couples mobile home and surrounding land. 
 Sherbert testified both the home and the land were marital property.  Beach
 testified the home was nonmarital because it was owned by a third party. 
 Furthermore, Beach testified the land was nonmarital because he purchased it
 prior to the marriage.  
The
 family court issued a decree of divorce on March 9, 2007.  In the
 decree, the family court found the home and land were marital property, with a
 combined value of $16,000.  The family court awarded Sherbert the mobile
 home and land and ordered Sherbert to pay Beach for his interest, valued at
 $10,000, minus $1,994 to equalize the distribution of personal property.  
This
 appeal followed. 
LAW / ANALYSIS
I. Beach first argues the land was nonmarital property
 because he purchased the land prior to the marriage.  We disagree.
Section
 20-7-473 of the South Carolina Code (Supp. 2007)[1] defines marital property as all real and personal property which
 has been acquired by the parties during the marriage and which is owned as of
 the date of filing or commencement of marital litigation.  The statute,
 however, specifically excludes from marital property, property acquired by
 either party before the marriage. It states: The court does not have jurisdiction or authority to apportion nonmarital property.  Id.
Family court judges have wide discretion in
 determining how marital property is to be distributed.  They may use any
 reasonable means to divide the property equitably, and their judgment will not
 be disturbed absent an abuse of discretion.  Murphy v. Murphy, 319 S.C. 324, 329, 461 S.E.2d 39, 41-42 (1995).  Nonmarital property may be transmuted
 into marital property: (1) if it becomes so commingled with marital property
 as to be untraceable; (2) if it is titled jointly; or (3) if it is utilized by
 the parties in support of the marriage or in some other manner so as to
 evidence an intent by the parties to make it marital property.  Johnson v.
 Johnson, 296 S.C. 289, 295, 372 S.E.2d 107, 110 (Ct. App. 1988).  Whether transmutation of separate
 property into marital property has occurred is a matter of intent to be
 gleaned from the facts of each case.  Id.  
At the hearing,
 Sherbert testified she helped Beach pay for the land and the roll-back taxes. 
 In addition, Sherbert and her children helped Beach maintain the yard.  Sherbert
 and Beach also placed a mobile home on the land after Beachs mobile home was
 destroyed by fire.  They made extensive improvements to the mobile home, and
 affixed the mobile home to the land.  They added two bedrooms, a bathroom, a
 living room, and a pitched roof to the mobile home.  They also installed a new floor,
 windows, a heating and air conditioning unit, vinyl siding, shutters, and a
 front-door. 
As demonstrated by
 Sherberts testimony, the land was transmuted into marital property because it
 was utilized by the parties in support of the marriage in such a manner as to
 evidence an intent to make the land marital property.  Both parties
 participated in the purchase of the land, and both parties labored to maintain
 and improve the land.  Accordingly, Sherbert met her burden of proof in showing
 the land surrounding the mobile home was transmuted into marital property.  
II. Beach argues the mobile home was not outright
 maritial property subject to equitable division because the mobile home was
 titled in the name of a third party.  Specifically, Beach asserts Jeffrey
 Killian loaned the parties the mobile home after a fire destroyed Beachs
 mobile home in 2004.   
Section
 20-7-420(A)(19) of the South Carolina Code (Supp. 2007), which was in effect at
 the time of this action,[2] provides as follows:

 The
 family court has exclusive jurisdiction to . . . bring in and make parties to
 any proceedings pending in the court any person or persons
 . . . whose presence to the proceedings may be found necessary to a complete
 determination of the issues therein, or the relief to which the parties
 thereto, or any of them, may be entitled.

Id.  Our supreme court has held when property is alleged
 to be marital property, but is owned by a third
 party, the family court has the subject matter jurisdiction to join all persons
 with a possible interest in the property as parties to the action and to
 determine if the property constitutes marital property.  Sexton v. Sexton,
 298 S.C. 359, 362, 380 S.E.2d 832, 834 (1989).
Here, Beach made no attempt to join Killian in the family court
 action; thus, the family court was required to make a determination as to the
 ownership of the mobile home based on the credibility of the parties. 
 Particularly where evidence is disputed, we normally adhere to findings of the
 trial judge who saw and heard the witnesses and was in a superior position to
 judge their credibility.  Hough v. Hough,  312 S.C. 344, 351, 440
 S.E.2d 387, 391 (Ct. App. 1994).    
Sherbert
 testified she and Beach owned the property, as evidenced by a bill of sale,
 signed by Killian, transferring title of the mobile home to Sherbert and Beach.  Accordingly, we affirm the family courts finding the mobile home was
 marital property subject to division between the parties.
III. Finally, Beach argues the family courts division of
 marital property was not supported by required statutory considerations.  
This
 issue is not preserved for review because Beach is raising this issue for the
 first time on appeal.  Generally, an issue may not be raised for the first time
 on appeal, but must have been raised to and ruled upon by the court below to be
 preserved for appellate review.  Noisette v. Ismail, 304 S.C. 56,
 58, 403 S.E.2d 122, 124 (1991) (holding an issue not preserved where the trial court does not explicitly rule on an argument and the appellant
 fails to make a Rule 59(e), SCRCP motion to alter or amend the judgment on that
 ground). 
AFFIRMED.

HUFF and
 GEATHERS, JJ., and GOOLSBY, A.J., concur.

[1] This section was repealed
 and renumbered as section 20-3-630.  See Act No. 361, 2008 S.C. Acts 3623,
4015.  The language cited above, however, was not changed.
[2]  This section was repealed by Act No. 361, 2008 S.C. Acts 3623.