**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph C. Sun, Appellant,

v.

Olesya Matyushevsky, Citizens Opposed to Domestic Abuse, Christine Varg, and Liling Sun, Respondents.

AND

Joseph C. Sun, Appellant,

v.

Olesya Matyushevsky, Citizens Opposed to Domestic Abuse, and Christine Varg, Respondents.

AND

Joseph C. Sun, Appellant,

v.

Olesya Matyushevsky, Citizens Opposed to Domestic Abuse, and Christine Varg, Respondents.

Appellate Case No. 2011-204367

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge
Marvin H. Dukes, III, Special Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-146
Submitted February 1, 2015 – Filed March 18, 2015

---

**AFFIRMED**

---

Joseph C. Sun, of Bluffton, pro se.

John Samuel Verner Scoville, of Harvey & Battey, P.A., of Beaufort, for Respondent Liling Sun.

Charles J. Baker, III, of Womble Carlyle Sandridge & Rice, LLP, of Charleston; and Sarah E. Wetmore and Jackson H. Daniel, III, of Carlock Copeland & Stair, LLP, of Charleston, for Respondents Olesya Matyushevsky, Christine Varg, and Citizens Opposed to Domestic Abuse.

---

**PER CURIAM:** In this consolidated appeal, Joseph Sun appeals three orders of the circuit court. He argues the circuit court erred by (1) dismissing his claims against Liling Sun; (2) dismissing his claims against Olesya Matyushevsky and Citizens Opposed to Domestic Abuse (CODA), dismissing all but one of his claims against Christine Varg, and denying his motion for leave to amend his complaint; and (3) denying his continuance motion and granting Varg's motion for summary judgment. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred by dismissing Joseph's claims against Liling: Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); Rule 12(b)(1), SCRCP (providing a circuit court may dismiss an action over which it lacks subject matter jurisdiction); S.C. Code Ann. § 63-3-530(A) (2010 & Supp. 2014) (defining the subject matter over which the family court has exclusive jurisdiction); *Appeal of Sexton*, 298 S.C. 359, 360, 380 S.E.2d 832, 833 (1989) ("The [f]amily [c]ourt has exclusive jurisdiction to hear and determine actions for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage . . . ." (alteration by court) (internal

quotation marks omitted)); *Capital City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009) (stating subject matter jurisdiction is a question of law, and this court may decide it without deference to the circuit court); *Baird v. Charleston Cnty.*, 333 S.C. 519, 529, 511 S.E.2d 69, 74 (1999) (stating "evidence outside the pleadings may, in certain circumstances, be considered in support of a motion to dismiss based on lack of jurisdiction," such as "when the allegations of the complaint are factually sufficient under Rule 8(a)(1), SCRCP, but do not affirmatively show subject matter jurisdiction"); Rule 201(b), SCRE ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the [circuit] court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); Rule 201(d), SCRE ("**(d) When Mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information."); Rule 201(f), SCRE ("Judicial notice may be taken at any stage of the proceeding.").

2. As to whether the circuit court erred by dismissing Joseph's claims against Matyushevsky and CODA, dismissing all but one of his claims against Varg, and denying his motion for leave to amend his complaint: Rule 12(b)(6), SCRCP (providing a circuit court may dismiss a complaint when the defendant demonstrates the plaintiff's complaint fails to allege facts sufficient to constitute a cause of action); *Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 176, 758 S.E.2d 501, 503 (2014) (stating that when reviewing a dismissal pursuant to Rule 12(b)(6), SCRCP, "the appellate court applies the same standard of review as the [circuit] court—whether the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court"); *Doe v. Bishop of Charleston*, 407 S.C. 128, 134 n.2, 754 S.E.2d 494, 497 n.2 (2014) (recognizing a circuit court may take judicial notice of previously entered, related court orders and consider them when ruling on a Rule 12(b)(6), SCRCP, motion to dismiss); Rule 201(f), SCRE ("Judicial notice may be taken at any stage of the proceeding."); *Gaar v. N. Myrtle Beach Realty Co.*, 287 S.C. 525, 528-29, 339 S.E.2d 887, 889 (Ct. App. 1986) ("[A]n attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client. Accordingly, an attorney who acts in good faith with the authority of his client is not liable to a third party in an action for malicious prosecution."); *Stiles v. Onorato*, 318 S.C. 297, 298-300, 457 S.E.2d 601, 602-03 (1995) (finding the plaintiff's complaint "was fatally deficient" because "the only reasonable inference is that [the attorney who had been sued] was acting at all times in his capacity as [an] attorney"); *Lee v. Bunch*, 373 S.C. 654, 660, 647 S.E.2d 197, 200 (2007) (stating the decision to

grant leave to amend pleadings lies within the sound discretion of the circuit court).

3.  As to whether the circuit court erred in granting Varg summary judgment and denying Joseph's continuance motion: *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 576, 762 S.E.2d 696, 700 (2014) (stating that when reviewing a grant of summary judgment, this court applies the same standard applied by the circuit court pursuant to Rule 56(c), SCRCP); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("Summary judgment is proper if, viewing the evidence in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law."); *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 17, 677 S.E.2d 612, 616 (Ct. App. 2009) ("A jury issue is created when there is material evidence tending to establish the issue in the mind of a reasonable juror. . . .  [A]ssertions as to liability must be more than mere bald allegations made by the non-moving party in order to create a genuine issue of material fact."); *Plyler v. Burns*, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007) ("The grant or denial of a continuance is within the sound discretion of the [circuit court] and is reviewable on appeal only when an abuse of discretion appears from the record. Moreover, the denial of a motion for a continuance on the ground that [a party seeking a continuance] has not had time to prepare is rarely disturbed on appeal." (citation omitted)).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.