0622

John E. GAAR and Karen B. Gaar, Appellants, v. NORTH MYRTLE BEACH REALTY CO., INC., Dewey Max Glasco, Joel Lee Glasco, John R. Clarke and Steven H. John, Defendants, of whom John R. Clarke and Steven H. John are Respondents.

(339 S. E. (2d) 887)

Court of Appeals

*Hammond A. Beale,* Columbia, *for appellants.*

*William C. Helms, III,* Charleston, *for respondents.*

Heard Sept. 24, 1985.

Decided Jan. 28, 1986.

BELL, Judge:

John E. Gaar and Karen B. Gaar commenced this action for malicious prosecution against attorneys John R. Clarke and Steven H. John. This suit followed the granting of an involuntary nonsuit in a prior action filed by the attorneys for their client, North Myrtle Beach Realty Company, against the Gaars for breach of real estate contracts. The circuit judge granted the attorneys' motion for summary judgment in the malicious prosecution suit. The Gaars appeal. We affirm.

The prior breach of contract action was instituted by officers of the Realty Company in April 1981. The Gaars had signed three six-month exclusive listing agreements with the Realty Company, one in December 1980 and two in January 1981. The contracts covered three condominium units. The Realty Company advertised the units and began showing them to prospective buyers. In January 1981 the Gaars, without consulting the Realty Company, gave a one year lease on one of the units. In March 1981 they changed the locks on all three units and advised the Realty Company to return the keys and to begin showing the units by appointment only. The Gaars claim they desired to protect their property upon learning from a Realty Company employee that the keys to their units could not be located. The Realty Company, however, contends the Gaars' actual purpose was to deprive them of the opportunity to sell the units during the exclusive listing period.

The Realty Company returned the keys to the Gaars' employee at their place of business. Two weeks later the Realty Company's president asked the employee for a key to show the units. Upon consulting with the Gaars, the employee informed the Realty Company they could not have a key, and that the Gaars were considering allowing another company to handle the properties.

The Realty Company's president then contacted his attorney, John R. Clarke. He showed Clarke the six month listing agreements and reported the difficulties with the Gaars. The exact content of his conference with Clarke is disputed. It is undisputed, however, that the Realty Company's officers communicated only with the Gaars' employee during these events, not with the Gaars.

Following his consultation with the Realty Company's president, Clarke filed three breach of contract actions

against the Gaars. Clarke's associate, Steven H. John, later amended the complaints into one action for damages in quantum meruit. John represented the Realty Company at trial on April 16, 1982, since Clarke was in court elsewhere when the case was called. Following testimony, the trial judge granted the Gaars' motion for an involuntary nonsuit, stating the Realty Company has no cause of action against the Gaars. The Gaars then brought this suit for malicious prosecution.

Our Supreme Court has recognized that an action will lie for the malicious prosecution of any ordinary civil action. *Cisson v. Pickens Savings and Loan Assoc.*, 258 S. C. 37, 186 S. E. (2d) 822 (1972). To recover in an action for malicious prosecution, the plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal (2) by, or at the instance of, the defendant (3) termination of such proceedings in plaintiff's favor (4) malice in instituting such proceedings (5) want of probable cause and (6) resulting injury or damage. *Ruff v. Eckerds Drugs, Inc.*, 265 S. C. 563, 220 S. E. (2d) 649 (1975). The mere fact that the defendant was unsuccessful in the prior action has no bearing on the issue of probable cause. *Cisson v. Pickens Savings and Loan Assoc., supra.*

The circuit judge granted the attorneys' motion for summary judgment because he perceived no genuine issue of material fact regarding the existence of probable cause to pursue the breach of contract action. The Gaars contend the judge erred in finding no factual dispute on this issue. Because we hold that a suit for malicious prosecution does not ordinarily lie against an attorney who filed suit on behalf of his client, we affirm the granting of summary judgment.

We have discovered no South Carolina case dealing with an attorney's liability for malicious prosecution. Some jurisdictions have recognized such a suit directed against attorneys. *See* Annot., 27 A.L.R. (3d) 1113 (1969). The Gaars urge this court to recognize a cause of action in this case.

In our opinion, the better rule is that an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client. Accordingly, an attorney who acts in good faith with the

authority of his client is not liable to a third party in an action for malicious prosecution. *See W.D.G. Inc. v. Mutual Mfg. & Supply Co.*, 5 Ohio Op. (3d) 397 (1976). Such a suit is properly brought against the party to the original action, not the attorney representing him. The attorney normally conducts the litigation solely in his professional capacity. He has no personal interest in the suit. In his professional capacity the attorney is not liable, except to his client and those in privity with his client, for injury allegedly arising out of the performance of his professional activities. *Id.*

The case cited by the Gaars to support their cause of action recognizes an attorney is not ordinarily liable for the acts of his client. "The fact that through ignorance he gives his client bad advice, on which he acts to the hurt of another, will not make the attorney liable to the other." *Anderson v. Canaday*, 37 Okla. 171, 131 P. 697 (1913). Even if the attorney who initiates civil proceedings for his client has no probable cause to do so, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of the client's claim. *Restatement (Second) of Torts*, Section 674 comment d (1975).

In this case, Karen Gaar admitted there is no evidence the attorneys acted for any purpose other than to secure compensation they believed was due to their client. The attorneys acted solely in their capacity as attorneys to bring the lawsuit, and did not become parties to the suit. There was no evidence that they were actuated by personal or malicious motives. Therefore, they are not liable to the Gaars in an action for malicious prosecution.

Our Supreme Court has cautioned against allowing suits for malicious prosecution to inhibit free access to the courts. *Cisson v. Pickens Savings and Loan Assoc., supra.* Attorneys must be free to act and advise their clients without constant fear of harrassment from lawsuits. *Peck v. Chouteau*, 91 Mo. 138, 3 S.W. 577 (1887). An attorney has an ethical obligation zealously to pursue any lawful claim of his client. Rule 32, Canon 7, Rules of Practice in the Supreme Court of South Carolina. If he does not properly represent and support his client's position, an attorney is subject to a suit for malpractice. To hold that an attorney who filed pleadings in support of his client's position has acted overzealously and is there-

fore liable to the other party in damages for malicious prosecution, would create a conflict of interest with the attorney's obligation to properly represent and support his client. *Junot v. Lee,* 372 So. (2d) 707 (La. App. 1979); *W.D.G., Inc. v. Mutual Mfg. & Supply Co., supra.* Such suits could conceivably prohibit attorneys from pursuing and developing new causes of action, and could hinder development of new legal theories. *Central Florida Machinery Co. v. Williams,* 424 So. (2d) 201 (Fla. App. 1983).

This does not leave the plaintiff without a remedy. If the appropriate elements are demonstrated, the other party is subject to a malicious prosecution suit. Moreover, an attorney is subject to disciplinary proceedings if he knowingly pursues a claim when it is obvious such action will merely harrass or maliciously injure another, or if he knowingly and in bad faith advances an unwarranted claim. Supreme Court Rule 32, DR-7-10?(A)(1) and (2). A client subjected to a malicious prosecution suit may be able to sue his attorney for legal malpractice if the attorney negligently files an unwarranted claim.

These alternative remedies demonstrate that the plaintiff is not left without a recovery even though, in circumstances such as this case, the remedy of malicious prosecution is not properly directed against the attorneys. The trial judge's grant of summary judgment to the attorneys is

Affirmed.

SHAW and CURETON, JJ., concur.