24243

Beverly J. STILES, Plaintiff v. Robert C. ONORATO, Appellant v. John R.C. BOWEN, Respondent.

(457 S.E. (2d) 601)

Supreme Court

*A. Camden Lewis* and *Thomas A. Pendarvis, Lewis, Babcock & Hawkins,* Columbia, *for appellant.*

*James W. Alford, R. Lewis Johnson,* and *Curtis W. Dowling, Barnes, Alford, Stork & Johnson,* Columbia, *for respondent.*

Heard Nov. 22, 1995.

Decided May 1, 1995.

WALLER, Justice:

Robert C. Onorato (Onorato) appeals an order dismissing his third-party complaint against Respondent, John C. Bowen (Bowen), pursuant to Rule 12(b)(6), SCRCP, for failure to state a cause of action. We affirm.

## FACTS

Beverly Stiles, represented by attorney John Bowen, instituted this defamation[1] action against Onorato. Onorato counterclaimed against Stiles and filed a third-party complaint against Bowen alleging civil conspiracy and initiation of a frivolous lawsuit.[2] The circuit court dismissed the third-party complaint finding that it failed to state a cause of action under *Gaar v. North Myrtle Beach Realty Co., Inc.*, 287 S.C. 525, 339 S.E. (2d) 887 (Ct. App. 1986).

## ISSUE

Did circuit court err in dismissing Onorato's complaint for failure to state a cause of action?

## DISCUSSION

In *Gaar v. North Myrtle Beach Realty Co., Inc.*, 287 S.C. 525, 528-29, 339 S.E. (2d) 887, 889 (Ct. App. 1986), the Court of Appeals held that "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client. Accordingly, an attorney who acts in good faith with the authority of his client is not liable to a third party in an action for malicious prosecution." (Emphasis supplied.) The *Gaar* Court further noted,

"The attorney normally conducts the litigation solely in his professional capacity. He has no personal interest in

[1] The defamation claim arises from a previous lawsuit Stiles filed against Onorato and Bio-Turf, a corporation for which Onorato was president. Stiles prevailed therein and, believing Stiles had taken inconsistent positions in that matter, Onorato communicated with various persons and the U.S. Attorney regarding alleged perjury to Stiles. When the U.S. Attorney declined to prosecute Stiles, she instituted this defamation claim against Onorato.

[2] At oral argument before this Court, Onorato abandoned his appeal with respect to dismissal of the initiation of a frivolous lawsuit cause of action.

the suit. In his professional capacity the attorney is not liable . . . for injury allegedly arising out of the performance of his professional activities. . . . Even if the attorney who initiates civil proceedings for his client has no probable cause to do so, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of the client's claim."

*Id.* (Emphasis supplied.)

Onorato concedes that, under *Gaar,* he may not maintain an action against Bowen for actions taken in his professional capacity as Stiles' attorney. However, he claims that nothing in *Gaar* renders an attorney immune for acts taken outside the scope of the professional relationship. We agree.

A number of jurisdictions recognize that an attorney may be held liable where he acts in bad faith or for his own personal motivations. *See generally Annotation* 97 ALR 3rd 688 (attorney's liability for abuse of process); *Annotation* 46 ALR 4th 249 (attorney's liability for malicious prosecution). *See also* RESTATEMENT (SECOND) OF TORTS § 674, comment d (attorney who acts without probable cause for an improper purpose is subject to same liability for the wrongful use of civil proceedings as any other person). Moreover, several courts have held that an attorney may be held liable arising out of a conspiracy with his client. *See e.g., Wolfrich Corp. v. U.S. Automobile Assn.,* 149 Cal. App. (3d) 1206, 197 Cal. Rptr. 446 (1983) (attorneys may be liable for participation in tortious acts with their clients, and such liability may rest on a conspiracy); *Doctors' Co. v. Superior Court,* 49 Cal. (3d) 39, 260 Cal. Rptr. 183, 775 P. (2d) 508 (1989); *Fraidin v. Weitzman,* 93 Md. App. 168, 611 A. (2d) 1046 (1992) (attorney liable for conspiracy if actively involved in wrongful conduct). Additionally, attorneys have been held liable for fraud and conversion in conjunction with their representation of clients. *See e.g., L & H Airco, Inc. v. Rapistan Corp.,* 446 N.W. (2d) 372 (Minn. 1989) (attorney who makes affirmative misrepresentations to an adversary or conspires with his or her client may be held liable for fraud); *Pew v. First National Bank,* 827 F. (2d) 1488 (11th Cir. 1987); *Bongard v. Winter,* 516 So. (2d) 27 (Fla. App. 1987); *Guillebeau v. Jenkins,* 182 Ga. App. 225, 355 S.E. (2d) 453 (1987) (implying that an attorney may be sued by an adversary for fraud); *LaBarre v. Gold,* 520 So. (2d) 1327 (Miss.

1987) (attorney liable for conversion for improperly paying real estate proceeds only to his client).

Consistent with *Gaar* and the above-cited cases, we find that an attorney may be held liable for conspiracy where, in addition to representing his client, he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client. Accordingly, we hold that the trial court erred in dismissing the complaint on the basis that *Gaar* provides absolute immunity to an attorney under any and all circumstances. However, we affirm in result since the complaint here fails to set forth sufficient facts to remove Bowen from the ambit of *Gaar*.

The ruling on a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint. *State Board of Medical Examiners v. Fenwick Hall, Inc.*, 300 S.C. 274, 387 S.E. (2d) 458 (1990). A Rule 12(b)(6) motion may not be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case. *Toussaint v. Ham*, 292 S.C. 415, 357 S.E. (2d) 8 (1987).

Onorato alleges, in paragraph 28 of his third-party complaint, that Bowen is the plaintiff's attorney in this action. Thereafter, in enumerating his conspiracy claim, Onorato realleges the prior paragraphs of his complaint so as to reallege Bowen's status as Stiles' attorney, then states that Bowen "formed a combination for the purpose of harming Mr. Onorato." Nowhere in the complaint does Onorato allege in what manner Bowen acted outside his role as Stiles' attorney nor does he allege that Bowen breached some independent duty owed to Onorato. Therefore, on the face of his complaint, the only reasonable inference is that Bowen was acting at all times in his capacity as Stiles' attorney. Under *Gaar*, Bowen is immune for any activities taken in his professional capacity. Accordingly, under *Gaar*, Onorato's complaint was fatally deficient and Bowen's Rule 1(b)(6) motion was properly granted. The judgment below is

Affirmed in result.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.