THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Gene C. Belk, Individually and
 as Co-Personal Representative of the Estate of Robert D. Belk, Appellant,
v.
Linda B. Harris, Individually
 and as Trustee of the Ida Mae K. Belk Irrevocable Trust dated 9-17-07 and in
 all alleged fiduciary capacities, Bibco, Inc., Dewey M. Houser, Carolina Preowned, LLP, Michael D. "Mickey" Lyles, Jr., and M.M. Weinberg,
 Jr., Defendants and Cheryl Ann Harrison, Patricia B. Schmid, Robert M. Belk,
 and Ida Mae Belk, Stakeholders, 
Of whom Bibco, Inc., Mary B.
 Weinberg (substituted for M.M. Weinberg, Jr., deceased) Patricia B. Schmid
 and Ida Mae Belk are Respondents.
 
 
 

Appeal From Sumter County
 James R. Barber, Circuit Court Judge

Unpublished Opinion No.  2011-UP-383 
Submitted June 7, 2011  Filed August 4, 2011 

AFFIRMED

 
 
 
Andrew F. Lindemann and Thomas E. Lydon, both of Columbia,
 for Appellant.
Pope D. Johnson, III, of Columbia and William H. Johnson, of
 Manning, for Respondents.
 
 
 

PER CURIAM: This case
 involves family disputes stemming from the father's probate estate.  The
 surviving siblings disagreed about who should serve as personal representative,
 seeking both formally and informally to remove each other or appoint an
 alternative sibling.  The probate court removed the motions to remove and
 appoint a personal representative to circuit court.  One sibling, Gene Belk,
 also filed an action in circuit court complaining about a trust created for his
 mother after his father's death by the same attorney who drafted his father's
 will, M.M. Weinberg.  Weinberg filed a motion to dismiss the complaint and
 attached two affidavits.  The circuit court retained Gene and his sister, Linda
 Harris, as co-personal representatives and appointed a third sibling, Patricia
 Schmid, as special administrator.  The court granted Weinberg's motion to
 dismiss, treating it as a summary judgment motion.  The court denied Gene's
 post-trial motions.
Gene
 appeals arguing the circuit court (1) lacked subject matter jurisdiction to
 appoint a special administrator, (2) erred in converting the Rule 12(b)(6),
 SCRCP motion into a Rule 56, SCRCP summary judgment motion, (3) should have
 heard a motion to compel discovery before the motion to dismiss, and (4) erred
 in granting the motion to dismiss.[1] 
 We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:
As to
 whether the circuit court lacked subject matter jurisdiction:  S.C. Code Ann. §
 62-1-302(d)(1) (Supp. 2010) (allowing removal from probate to circuit court of
 "formal proceedings for the probate of wills and for the
 appointment of general personal representatives" (emphasis added)); Dema
 v. Tenet Physician Servs.-Hilton Head, Inc., 383 S.C. 115, 120, 678 S.E.2d
 430, 433 (2009) ("Subject matter jurisdiction is the power to hear and
 determine cases of the general class to which the proceedings in question
 belong.").
As to conversion
 of motion to dismiss into a summary judgment motion and the order in which the
 court addressed the motions: Chastain v. Hiltabidle, 381 S.C. 508,
 514-15, 673 S.E.2d 826, 829 (Ct. App. 2009) ("It is well settled that, but
 for a very few exceptional circumstances, an appellate court cannot address an
 issue unless it was raised to and ruled upon by the trial court.").  
As to
 whether the circuit court properly granted the motion to dismiss: Gaar v. N.
 Myrtle Beach Realty Co., 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct. App.
 1986) ("[A]n attorney is immune from liability to third persons arising
 from the performance of his professional activities as an attorney on behalf of
 and with the knowledge of his client."); Stiles v. Onorato, 318 S.C.
 297, 300, 457 S.E.2d 601, 602 (1995) ("[A]n attorney may be held liable
 for conspiracy where, in addition to representing his client, he [1] breaches
 some independent duty to a third person or [2] acts in his own personal
 interest, outside the scope of his representation of the client."); Argoe
 v. Three Rivers Behavioral Ctr. & Psychiatric Solutions, 388 S.C. 394, 405,
 697 S.E.2d 551, 556 (2010) (declining to "extend an attorney's liability
 to those in privity with his or her client").
AFFIRMED.
FEW, C.J., PIEPER, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.