**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

D. R. Horton, Inc., Plaintiff,

v.

Wescott Land Company, LLC, Defendant,
_____

Thomas R. Hawkins and Wescott Land Company, LLC,
Petitioners,

v.

D. R. Horton, Inc., Respondent.

Appellate Case No. 2012-212895

Appeal From Dorchester County
The Honorable James C. Williams, Jr., Circuit Court
Judge

Opinion No. 27450
Submitted September 10, 2014 – Filed October 1, 2014

**AFFIRMED AS MODIFIED AND**
**VACATED IN PART**

M. Dawes Cooke, Jr. and Kenneth Michael Barfield, both
of Barnwell Whaley Patterson & Helms, LLC, of
Charleston, for Petitioners.

Charles E. Carpenter, Jr., of Carpenter Appeals & Trial
Support, LLC, of Columbia and Neil S. Haldrup, of Wall

Templeton & Haldrup, PA, of Charleston, for Respondent.

---

**PER CURIAM:**  This matter is before the Court by way of a petition for a writ of certiorari to review the Court of Appeals' decision in <u>D.R. Horton, Inc. v. Wescott Land Co.</u>, 398 S.C. 528, 730 S.E.2d 340 (Ct. App. 2012).  We deny the petition as to petitioners' questions A and B.  We grant the petition as to petitioners' question C, dispense with further briefing, vacate a portion of the Court of Appeals' opinion, and affirm the Court of Appeals' opinion as modified.

The trial court granted respondent's motion for summary judgment as to slander of title based on the court's finding that the filing of a lis pendens is entitled to absolute privilege.  The Court of Appeals affirmed solely on this ground.  However, the trial court also found that even if the lis pendens at issue was not entitled to absolute privilege, petitioners failed to establish any facts that would satisfy any of the prima facie elements of slander of title.  This ruling was not challenged before the Court of Appeals and, therefore, is the law of the case.  <u>See</u> <u>Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund</u>, 389 S.C. 422, 699 S.E.2d 687 (2010) ("An unappealed ruling is the law of the case and requires affirmance.").  Accordingly, it was not necessary for the Court of Appeals to reach the novel issue of whether a lis pendens that is filed but does not comply with the time requirements of S.C. Code Ann. § 15-11-10 (2005), is entitled to absolute privilege when alleging slander of title.  We therefore vacate the portion of the Court of Appeals' opinion regarding petitioners' slander of title claim and affirm the trial court's grant of summary judgment as to the slander of title claim based on the law of the case finding set forth above.

**AFFIRMED AS MODIFIED AND VACATED IN PART.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**