**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alliance Biomedical Research, LLC, Appellant,

v.

Judith H. Parham, Personal Representative of the Estate of David Michael Parham, deceased; and Parham & Smith, LLC; Respondents.

Appellate Case No. 2016-001525

———————

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-246
Submitted May 1, 2018 – Filed June 13, 2018

———————

**AFFIRMED**

———————

Franklin Milton Mann, Jr. of Franklin Milton Mann, Jr. Attorney at Law, of Spartanburg, for Appellant.

M. Dawes Cooke, Jr. and Jeffrey Michael Bogdan, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011) ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Hedgepath v. Am. Tel. & Tel. Co.*, 348 S.C. 340, 355, 559 S.E.2d 327, 336 (Ct. App. 2001) ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted."); *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) (holding an attorney may be held liable only when he "acts in his own personal interest, outside the scope of his representation of the client"); *Gaar v. N. Myrtle Beach Realty Co.*, 287 S.C. 525, 529, 339 S.E.2d 887, 889 (Ct. App. 1986) ("Even if the attorney who initiates civil proceedings for his client has no probable cause to do so, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of the client's claim."); *id.* at 528-29, 339 S.E.2d at 889 ("[A]n attorney who acts in good faith with the authority of his client is not liable to a third party in an action for malicious prosecution.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.