**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tonja McAllister, Appellant,

v.

Susan Cato and CAPA of Beaufort, Respondents.

Appellate Case No. 2017-002013

————

Appeal From Beaufort County
R. Lawton McIntosh, Circuit Court Judge

————

Unpublished Opinion No. 2019-UP-267
Submitted June 1, 2019 – Filed July 24, 2019

————

**AFFIRMED**

————

Michael Brooks Derrick, of Law Office of M. Brooks Derrick, LLC, of Simpsonville, for Appellant.

M. Dawes Cooke, Jr., and Jeffrey Michael Bogdan, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Respondents.

————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) ("The ruling on a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint."); *id.* at 300, 457 S.E.2d at

602-03 ("A Rule 12(b)(6)[,SCRCP,] motion may not be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case."); *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 351 S.C. 65, 71, 567 S.E.2d 251, 253 (Ct. App. 2002) ("A plaintiff alleging abuse of process in South Carolina must assert two essential elements: 1) an 'ulterior purpose,' and 2) a 'willful act in the use of the process not proper in the conduct of the proceeding.'" (quoting *Hainer v. Am. Med. Int'l Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997))); *Pallares v. Seinar*, 407 S.C. 359, 370-71, 756 S.E.2d 128, 133 (2014) ("The first element, an 'ulterior purpose,' exists if the process is used to secure an objective that is 'not legitimate in the use of the process.'" (quoting *D.R. Horton, Inc. v. Wescott Land Co.*, 398 S.C. 528, 551, 730 S.E.2d 340, 352 (Ct. App. 2012), *aff'd in part*, *vacated in part*, 410 S.C. 319, 764 S.E.2d 701 (2014) (per curiam))); *Weeks v. McMillan*, 291 S.C. 287, 292, 353 S.E.2d 289, 292 (Ct. App. 1987) ("Where a decision is based on alternative grounds, either of which independent of the other is sufficient to support it, the decision will not be reversed even if one of the grounds is erroneous.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.