**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lamont Jeremiah McCauley, Appellant,

v.

Paul Wickensimer, Greenville County Family Court Clerk's Office, Respondents.

Appellate Case No. 2018-000741

―――――――――

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2021-UP-109
Submitted January 1, 2021 – Filed April 7, 2021

―――――――――

**AFFIRMED**

―――――――――

Lamont Jeremiah McCauley, of Mauldin, pro se.

Russell W. Harter, Jr. and Carly H. Davis, both of Chapman, Harter & Harter, P.A., of Greenville, for Respondents.

―――――――――

**PER CURIAM:** Lamont Jeremiah McCauley appeals the circuit court's order granting a motion to dismiss filed by the Greenville County Clerk's Office and Paul Wickensimer, the Greenville County Family Clerk of Court. On appeal, McCauley

contends the circuit court erred by (1) not notifying him the motion to dismiss would be heard during his motion for a venue change, (2) ignoring evidence that it had subject matter jurisdiction and should have denied the motion to dismiss, and (3) hearing arguments presented by the Clerk's office and the Clerk that supported the motion to dismiss.  McCauley did not allege in his complaint that the Clerk's office and the Clerk did anything beyond filing a foreign support order.  Because all actions alleged in McCauley's complaint fell within the purview of the duties of the Clerk's office and Clerk, the circuit court properly granted the motion to dismiss pursuant to Rule 12(b)(6), of the South Carolina Rules of Civil Procedure, and the South Carolina Tort Claims Act.[1]  *See Rydde v.  Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court."); *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) ("The ruling on a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint."); *Plyler v. Burns*, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007) ("A 12(b)(6) motion should not be granted if 'facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case.'" (quoting *Onorato*, 318 S.C. at 300, 457 S.E.2d at 603)); Rule 12(b)(6) ("[T]he following defenses may at the option of the pleader be made by motion: . . . to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action . . . ."); *Steinke v. S.C. Dep't of Labor, Licensing & Reg.*, 336 S.C. 373, 393, 520 S.E.2d 142, 152 (1999) ("The South Carolina Tort Claims Act, which provides the exclusive remedy in tort against [the Clerk and the Clerk's Office], is a limited waiver of governmental immunity."); S.C. Code Ann § 15-78-40 (2005); ("The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein."); *Steinke*, 336 S.C. at 393, 520 S.E.2d at 152. ("The burden of establishing a limitation upon liability or an exception to the waiver of immunity under the South Carolina Tort Claims Act is upon the governmental entity asserting it as an affirmative defense."); S.C. Code Ann. § 15-78-60(1) to (5), (23) (2005) ("The governmental entity is not liable for a loss resulting from:

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2020).  McCauley's allegation that he did not receive notice regarding the motion to dismiss being heard during his motion for a venue change was not preserved.  *See Wilder Corp. V. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

(1) legislative, judicial, or quasi-judicial action or inaction; (2) administrative action or inaction of a legislative, judicial, or quasi-judicial nature; (3) execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process; (4) adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies; (5) the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the government entity or employee; [or] . . . (23) institution or prosecution of any judicial or administrative proceeding . . . .").[2]

**AFFIRMED.**[3]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[2] Because the circuit court properly dismissed McCauley's complaint under the South Carolina Tort Claims Act, we need not address any remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues on appeal when the disposition of a prior issue is dispositive).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.