**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angela H. Bain, Appellant,

v.

Denise C. Lawson and Kenneth L. Childs, Respondents.

Appellate Case No. 2018-001991

———————

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-272
Heard May 4, 2021 – Filed July 14, 2021

———————

**REVERSED AND REMANDED**

———————

Shannon Marie Polvi and J. Lewis Cromer, both of Cromer Babb Porter & Hicks, LLC, of Columbia, for Appellant.

Michael H. Montgomery, of Montgomery Willard, LLC, of Columbia, for Respondent Kenneth L. Childs, and Eugene Hamilton Matthews, of Richardson Plowden & Robinson, PA, of Columbia, for Respondent Denise C. Lawson.

———————

**PER CURIAM:**  Appellant Angela Bain, superintendent of the Chester County School District (the District), brought causes of action for defamation and civil conspiracy against Respondents Attorney Kenneth Childs and Chester County School Board Chair Denise Lawson (collectively, Respondents).  Appellant alleged Respondents conspired to terminate her contract with the District.  Respondents filed respective Rule 12(b)(6) motions to dismiss the action.  The circuit court dismissed Appellant's claim for defamation against Childs and the civil conspiracy claim against Respondents.  The circuit court denied Lawson's motion to dismiss the defamation claim against her.  On appeal, Appellant argues the circuit court erred by granting Childs's motion to dismiss.  Appellant argues that (1) the circuit court improperly relied on documents outside of the complaint for the basis of dismissal; and (2) the circuit court incorrectly found all of Childs's conduct, statements, and communications were within the attorney-client privilege.  In the alternative, Appellant contends she should be granted leave to amend.  We reverse and remand.

## FACTS

According to the complaint, Childs's law firm represented the District in 2015 and 2016.  In January of 2016, the Chester County School Board (the Board) voted to terminate the attorney-client relationship with Childs's firm.  Appellant became the interim superintendent in February of 2016, and the permanent superintendent in May 2016.  Appellant alleged that around March 17, 2016, she chose to conduct all of the District's legal business through Andrea White and her newly formed firm and not use the law firm with which Childs remained a partner.

In January of 2017, Lawson became Board Chair after serving many years as one of the Board's trustees.  Appellant contended that Lawson approached her and asked that Childs's new law firm be hired to handle all legal business for the District and that White's firm no longer serve as the District's counsel.  Appellant claimed to have informed Lawson that the previous Board dismissed Childs's firm due to, among other reasons, "the excessive amount of bills tendered for legal services for the past three years, amounting to over $300,000 for the single school year of 2015-2016."  Appellant alleged her lack of support for retaining Childs and his law firm is what led Lawson to plan and conspire (with Childs) to remove her as superintendent.

On July 23, 2018, Appellant filed the current action against Respondents for defamation and civil conspiracy.  Regarding defamation, Appellant alleged Respondents reported to the Board members that Appellant willfully defrauded the District by accepting compensation from outside sources; violated state law by earning compensation from other districts and breaching her contract with the

District; and was a fraudulent partner or owner of a business to promote the aforementioned outside activities.[1]  Appellant claimed the defamatory statements were made to persons within and outside of the District and were published to the Superintendent of the Marlboro County School District[2] and the *News & Reporter*, among others.  Further, she claimed the statements were made in 2017 and 2018; were falsely and knowingly made in reckless disregard for the truth when the means of ascertaining the truth was readily apparent; and were published and disseminated widely, maliciously, and in bad faith.

Regarding the civil conspiracy charge, Appellant alleged Respondents met, schemed, planned, and conspired with one another and others to terminate her contract with the District, remove her from the position of Superintendent, and prevent her from obtaining any future employment with the District or any other school district by defaming her.  Appellant further claimed all such communications and actions between Respondents were within the "crime fraud" exception to the attorney-client privilege.

On August 9, 2018, Lawson filed a Rule 12(b)(6) motion to dismiss the action.  Childs followed by filing his own Rule 12(b)(6) motion to dismiss.  A hearing was held before the circuit court on September 26, 2018.  During the hearing, the parties focused heavily on the attorney-client privilege issue.  As a result, the court gave the parties an opportunity to submit additional memoranda on the issue following the hearing.  Appellant and Childs submitted supplemental memoranda that contained exhibits.  For her part, Appellant stated in her memorandum that her exhibit was "not intended to convert the[] pending Motions [in]to Motions for Summary Judgment";

---

[1] Appellant alleged that Lawson called an illegal special Board meeting on June 16, 2018, in which Childs presented to the Board and individual Board members false allegations that Appellant violated her contract and state law through her consulting work.

[2] Appellant claimed that in the course of engaging in her consulting practice, she advised the interim Superintendent of the Marlboro County School District that the Marlboro County School District had been charged excessive attorney's fees by what Appellant later discovered was Childs's law firm.  Appellant claims to not have known Childs's law firm was the firm in question at the time of her consultation.  Appellant claimed that after having been made aware of this consultation, Childs and Lawson made an exhaustive effort to discover the identity of the school districts consulting with Appellant.

buttressing her point by adding: "The parties are entitled to proceed with discovery in this case prior to any Motions for Summary Judgment."[3] Because Appellant

[3] Appellant's exhibit was a letter from her to Childs's law partner, dated August 22, 2017. The letter stated in relevant part:

> After a review of your August 8, 2017 memo and attached bill received in my office on August 14, 2017, I have concerns about the charges listed on the bill for the month of July 2017. I will outline those below.
>
> - The first charge is for activity related to Mr. Childs' offer to [] forward a colleague's resume in case I wanted to hold a board retreat. He asked if I would like for him to forward the resume, and I agree that he could do that. My concern is the charges of $572.50 related to that task. I was not aware that I would be charged for something that Mr. Childs suggested and offered.
> - The second item relates to a conversation between Mr. Childs and . . . our bond attorney. Our bill indicates a charge of $245.00 for this. I confirmed that Mr. Childs placed a call to Ms. Heizer, however, I am concerned that we are being charged for a task that I did not authorize.
> - The third item on the July 2017 bill shows reviews of emails with you and a conference with Mr. Duff, however, I do not know to what this relates. That charge was a total of $259.80. Again, I am not clear on what was authorized and the case.
>
> In light of these concerns, I do not believe our district should be billed for these items as they were not authorized by me. Please review and get back with me on this. *Going forward, please notify me prior to taking any action on behalf of Chester County School District so that I have a chance to authorize expenses*.

(Emphasis added).

offered exhibits, Childs stated in his memorandum that he would exercise the same liberty.[4]

For his part, Childs attached prior emails he received from Appellant. In the first email from April 3, 2017, Appellant emailed both Childs's firm and White's firm the following:

> Hi all,
>
> Please deliver[] all electronic and hard copy files from the old firm to Andrea White at 3614 Landmark Drive Suite EF[.]
>
> We hope to be able to use both firms going forward.

Second, in an email from June 2, 2017, Appellant corresponded with Childs and his law firm partner regarding a matter. On June 6, Appellant referred to Childs as "one of our attorneys" when corresponding with the Board.

On October 4, 2018, the circuit court issued a Form 4 order (1) granting Childs's motion to dismiss based on the narrow attorney-client privilege issue; (2) dismissing the civil conspiracy cause of action against Respondents because Childs was no longer a party; and (3) denying Lawson's motion to dismiss Appellant's defamation cause of action against Lawson. On October 26, 2018, the circuit court issued its formal order granting Childs's motion and dismissing the claims against him. In its order, the court referenced the exhibits provided by Appellant and Childs. The circuit court found that the emails and the letter unequivocally demonstrated that Childs's firm had an attorney-client relationship with the District. The court then found that Childs, as the District's attorney, was immune from liability because Appellant did not plead that Childs breached an independent duty to Appellant outside the scope of Childs's representation of the District.

Regarding Appellant's defamation claim against Childs, the court concluded that, based on the attorney-client relationship, Appellant was not entitled to relief on any theory of the case as a matter of law. Relatedly, the court concluded that Appellant could not maintain the civil conspiracy claim against Childs because the pleadings failed to show that the actions that form the basis of the claim were done outside the scope and course of the attorney-client relationship. Accordingly, the

---

[4] Lawson also attached an exhibit to her memorandum and did not object to Appellant's exhibit inclusion at any point.

court found that Appellant could not maintain the claim for civil conspiracy against Lawson because there was no combination of two or more persons to support the claim. Appellant filed a Rule 59(e) motion and the court denied the motion on November 5, 2018. This appeal followed.

## ISSUES ON APPEAL

1. Did the circuit court err by finding Childs was entitled to dismissal as a matter of law based on attorney-client privilege?

2. Did the circuit court err by dismissing the defamation action against Childs?

3. Did the circuit court err by dismissing the civil conspiracy claim against both Respondents?

4. Is Appellant entitled to amend her complaint?

## STANDARD OF REVIEW

As an initial matter, Appellant contends that the circuit court erred by considering matters or evidence outside the pleadings.

In considering a Rule 12(b)(6) motion, the circuit court must base its ruling solely on allegations set forth in the complaint. *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006). A Rule 12(b)(6) motion converts to a Rule 56, SCRCP motion for summary judgment if the court considers matters outside the pleadings. *See* Rule 12(b), SCRCP ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the Court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." (emphasis added)).

The circuit court weighed Appellant's letter and Childs's emails in considering the Rule 12(b)(6) motions, thus converting the Rule 12(b)(6) motion to dismiss into a Rule 56, SCRCP motion for summary judgment. *See Gilbert v. Miller*, 356 S.C. 25, 27, 586 S.E.2d 861, 862–63 (Ct. App. 2003) (finding a 12(b)(6) motion converted to a summary judgment motion because the plaintiff submitted outside documents in response to the motion, the defendant did not object to the documents, and the circuit court reviewed the documents in considering the motion). Because exhibits were submitted by both Appellant and Childs with their memoranda, the

parties were "fairly apprised that the court would look beyond the pleadings." *See Higgins v. Med. Univ. of S.C.*, 326 S.C. 592, 598, 486 S.E.2d 269, 272 (Ct. App. 1997) (finding the circuit court erred by converting the 12(b)(6) motion into a summary judgment motion because the plaintiffs were not "fairly apprised that the court would look beyond the pleadings" (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984))). Therefore, we find the conversion to a summary judgment motion was proper. *See Patterson v. Witter*, 425 S.C. 213, 226, 821 S.E.2d 677, 684 (2018) ("Because the parties submitted matters outside the pleadings that were not excluded by the court and certain factual findings in the circuit court's order exceeded the scope of the facts alleged in the complaint, we find this motion to dismiss was converted into a motion for summary judgment and we review it as such."); *Baird v. Charleston Cty.*, 333 S.C. 519, 528, 511 S.E.2d 69, 74 (1999) (finding the circuit court erred in converting the 12(b)(6) motions into motions for summary judgment because the parties were not put on notice that the court would consider documents outside of the complaint).

On review from a grant of summary judgment, this court applies the same standard applied by the circuit court pursuant to Rule 56(c), SCRCP. *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 576, 762 S.E.2d 696, 700 (2014). "Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Murray v. Holnam, Inc.*, 344 S.C. 129, 137, 542 S.E.2d 743, 747 (Ct. App. 2001). "In reviewing the evidence, all inferences must be viewed in the light most favorable to the non-moving party." *Stevens & Wilkinson of S.C., Inc.*, 409 S.C. at 576, 762 S.E.2d at 700.

## LAW/ANALYSIS

## I. ATTORNEY-CLIENT PRIVILEGE

Generally, "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Gaar v. North Myrtle Beach Realty Co., Inc.*, 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct. App. 1986). However, "an attorney may be held liable for conspiracy where, in addition to representing his client, he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client." *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995).

The circuit court concluded that Childs was the District's attorney and immune from liability for actions taken within the scope of his representation. The circuit

court further concluded that all of Appellant's allegations against Childs involved his actions taken within the scope of Childs's professional relationship with the District, and thus, the court found Childs could not be held liable as a matter of law. Appellant maintains that Childs was not authorized to act for the District in a representative capacity during the time at issue, and therefore, this immunity does not apply. We find that a genuine issue of fact exists as to whether Childs acted outside his role as the District's or Lawson's attorney. *See Stiles*, 318 S.C. at 300, 457 S.E.2d at 602.

Reviewing the evidence in the light most favorable to Appellant, we find her August 22, 2017 letter provides enough ambiguity regarding the attorney-client relationship between the District and Childs (and his firm) that judgment as a matter of law on this issue is inappropriate. In the letter, Appellant explicitly states that the firm was not authorized to do legal work on behalf of the District without her prior approval. This raises a question as to whether Childs's alleged unauthorized actions that occurred after August 22, 2017—including investigating Appellant's consulting work and presenting the Board with allegations that she violated her contract and state law at the June 16, 2018 special Board meeting—were within the scope of his representation of the District. Although Appellant acknowledged Childs was one of the District's attorneys in the June 6, 2017 email, this information does not definitively establish that Childs's actions after August 22, 2017, were within the scope of his professional relationship with the District.[5] These facts, coupled with the fact that Attorney White was voted as the Board's official attorney and entrusted with all of the District's electronic and hard copy files, raises a genuine issue of material fact as to the scope of Childs's representation of the District and whether his actions were outside this representation. *See Baird*, 333 S.C. at 529, 511 S.E.2d at 74 ("[I]f the pleadings and evidentiary matter in support of summary judgment do not establish the absence of a genuine issue of material fact, summary judgment must be denied, even if no opposing evidentiary matter is presented.").

## II. DEFAMATION

"To establish a defamation claim, a plaintiff must prove: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable

---

[5] Further, Appellant claims Lawson called the special Board meeting in violation of the Board's policies. Assuming this was truly a policy violation, Childs's reporting on Appellant at the meeting may have been outside the scope of his representation of the District, and thus, not privileged.

regardless of harm or the publication of the statement caused special harm." *West v. Morehead*, 396 S.C. 1, 7, 720 S.E.2d 495, 498 (Ct. App. 2011). "[A]n important initial step in analyzing any defamation case is determining whether a particular plaintiff is a public official, public figure, or private figure." *Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 468, 629 S.E.2d 653, 666 (2006). "In general, a public official is a person who, among the hierarchy of government employees, has or appears to the public to have 'substantial responsibility for or control over the conduct of governmental affairs.'" *Id.* at 469, 629 S.E.2d at 666 (quoting *Holtzscheiter v. Thomson Newspapers, Inc.*, 332 S.C. 502, 520 n.4, 506 S.E.2d 497, 507 n.4 (1998) (Toal, J., concurring in result)). "[T]o prove fault in a defamation action, a plaintiff who is a public official or public figure must prove by clear and convincing evidence that the defendant acted with actual malice in publishing a false and defamatory statement about the plaintiff." *Id.* at 467, 629 S.E.2d at 665. "Actual malice exists when a statement is made 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Id.* at 468, 629 S.E.2d at 666 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)).

We find that genuine issues of material fact exist as to whether, among other accusations, Childs may have purposely or recklessly attempted to harm Appellant's reputation by misinforming the District that Appellant was operating an illicit business, and as to whether the acts as alleged are sufficient to establish a claim for defamation.

Appellant alleges that Childs knowingly and maliciously misrepresented her consulting job to the Board, the Marlboro County Superintendent, and the *News & Reporter*. Further, she alleges Childs purposefully published mistruths about her during the June 16, 2018 special Board meeting. Further, if Childs did in fact purposely misinform the Board that Appellant was defrauding the District, this may evince "actual malice." *See Erickson*, 368 S.C. at 467–68, 629 S.E.2d at 666. Viewing this evidence in the light most favorable to Appellant, a factfinder could find this sufficient to establish a defamation claim. *See West*, 396 S.C. at 7, 720 S.E.2d at 498. Childs has not presented evidence that the statements he made at the June 16, 2018 meeting were in fact true, only that he was operating within the scope of his representation to the District. Comparatively, Appellant presented an affidavit from a previous Board Chair stating that the Board was aware of Appellant's outside consulting during his tenure as Board chair and no Board member had an apparent issue with her consulting. Therefore, we find the circuit court erred in granting summary judgment on Appellant's defamation cause of action.

We also agree with Appellant that discovery is needed to further explore the defamation claim. *See* Rule 12(b), SCRCP (stating that if a Rule 12(b)(6) motion is

converted to a summary judgment motion, then "all parties *shall* be given reasonable opportunity to present all material made pertinent to such a motion . . . ." emphasis added); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) ("[S]ummary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54–55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason . . . why further discovery would uncover additional relevant evidence and create a genuine issue of material fact."). "[S]ummary judgment may be appropriate at some later stage in the proceedings if evidence is presented in compliance with Rule 56, SCRCP, that demonstrates the absence of a genuine issue of material fact." *Baird*, 333 S.C. at 529–30, 511 S.E.2d at 75.

## III. CIVIL CONSPIRACY

As an additional sustaining ground for dismissing the civil conspiracy causes of action, Respondents argue that Appellant failed to (1) allege additional acts in furtherance of a conspiracy and (2) allege special damages. Respondents contend that the lynchpin of Appellant's conspiracy charge against them is that they conspired to defame her. This, Respondents contend, is insufficient to maintain the civil conspiracy claim.

While this matter was pending, our state's supreme court held in *Paradis v. Charleston Cty. Sch. Dist.* that a plaintiff asserting a civil conspiracy claim need not plead special damages. Op. No. 28030 (S.C. Sup. Ct. filed May 19, 2021) (Shearouse Adv. Sh. No. 17 at 26–27). As such, to maintain a civil conspiracy claim, a plaintiff "must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Id.* at 28. Appellant alleges that Respondents conspired to terminate her contract with Chester County School District by meeting and planning to defame her, that Respondents furthered the conspiracy by defaming her, and that this affected her employment relationship with the District and other school districts Respondents may have contacted. *See id.* Viewing all inferences from the evidence in the light most favorable to Appellant, we find summary judgment is inappropriate at this juncture. *Murray*, 344 S.C. at 137, 542 S.E.2d at 747 ("Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law); Rule 12(c), SCRCP ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").[6]

## CONCLUSION

Based on the foregoing, the circuit court's order is

**REVERSED and REMANDED.**

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[6] Because our resolution of the aforementioned issues are dispositive, we need not address Appellant's remaining issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when resolution of a prior issue is dispositive).