**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: Donald L. Smith, Appellant,

In Re: Gregg Battersby, Plaintiff,

v.

J. Kirkman Moorehead, Krause, Moorehead & Draisen, P.A., Allstate Insurance Company, and Allstate Northbrook Indemnity Company, Defendants,

of which J. Kirkman Moorehead and Krause, Moorehead & Draisen, P.A., are the Respondents.

Appellate Case No. 2020-000070

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-331
Submitted July 27, 2022 – Filed August 10, 2022

———————

**AFFIRMED**

———————

Donald L. Smith, of Attorney Office of Donald Smith, of Anderson, pro se.

Steven M. Krause, of Law Offices of Steven M. Krause, PA, and Daniel L. Draisen, of The Injury Law Firm, PC, both of Anderson, for Respondents.

---

**PER CURIAM:** Donald L. Smith appeals a 2016 circuit court's order granting sanctions against him and a 2019 circuit court's order granting J. Kirkman Moorehead, and Krause, Moorehead & Draisen, P.A.'s (collectively, Moorehead's) motion to enter monetary sanctions in the judgment rolls.[1] On appeal, he argues (1) the trial court abused its discretion in imposing sanctions against him and (2) the sanction imposed was contrary to the goal of Rule 11, SCRCP. We affirm.

Because the 2016 circuit court's factual findings are supported by the record, we hold the 2016 circuit court did not abuse its discretion by imposing sanctions against Smith. *See Se. Site Prep, LLC v. Atl. Coast Builders & Contractors, LLC*, 394 S.C. 97, 104, 713 S.E.2d 650, 653 (Ct. App. 2011) ("The determination of whether attorney's fees should be awarded under Rule 11 or under the [Frivolous Civil Proceedings] Act is treated as one in equity."); *In re Beard*, 359 S.C. 351, 357, 597 S.E.2d 835, 838 (Ct. App. 2004) ("In an action in equity tried by a judge alone, the appellate court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence."); *Ex parte Gregory*, 378 S.C. 430, 437, 663 S.E.2d 46, 50 (2008) ("However, the abuse of discretion standard plays a role in the appellate review of a sanctions award."); *id.* ("[W]here the appellate court agrees with the trial court's findings of fact, it reviews the decision to award sanctions, as well as the terms of those sanctions, under an abuse of discretion standard."); *Atl. Coast Builders*, 394 S.C. at 104, 713 S.E.2d at 654 ("Under the abuse of discretion standard, the imposition of sanctions will not be disturbed on appeal unless the decision is controlled by an error of law or is based on unsupported factual conclusions."); *Runyon v. Wright*, 322 S.C. 15, 19, 471 S.E.2d 160, 162 (1996) ("Under [Rule 11(a), SCRCP], a party and/or the party's attorney may be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments."); *id.* ("The sanction may include an order to pay the reasonable costs and attorney's fees incurred by the party or parties defending against the frivolous action or action brought in bad faith, a reasonable fine to be paid to the court, or a directive of a nonmonetary nature designed to deter the party or the party's attorney from bringing any future frivolous action or action in bad

---

[1] By order dated June 16, 2021, this court found Smith's time to appeal the 2016 order was tolled and began to run from the 2019 circuit court's order denying reconsideration; thus, we address both orders on appeal.

faith."); *Gaar v. N. Myrtle Beach Realty Co.*, 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct. App. 1986) (explaining that generally, "an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client"); *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) (finding "that an attorney may be held liable for conspiracy where, in addition to representing his client, he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client").[2]

Because we find the 2016 circuit court did not abuse its discretion by imposing sanctions against Smith, we hold the entry of monetary sanctions on the civil judgment roll was administrative in nature, and the 2019 circuit court did not err by entering the sanctions.

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] To the extent Smith argues the motion was (1) procedurally defective, (2) the circuit court applied the incorrect standard in imposing sanctions, (3) Moorehead failed to allege or prove improper motive, and (4) sanctions were imposed contrary to the purported end of Rule 11, we find these issues unpreserved because they were not raised to and ruled upon by the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.